Argued and submitted December 7, reversed and remanded with instructions to dismiss the action December 30, 1992, respondents' petition for reconsideration allowed by opinion March 31, 1993
See 119 Or App 6, 849 P2d 1125 (1993)

Stephen M. and Sally W. EDNEY,
*Respondents,*

*v.*

COLUMBIA COUNTY
BOARD OF COMMISSIONERS,
comprised of Michael Sykes,
Jack Peterson and Dale Heimuller,
*Appellants.*

(91-2044; CA A73139)

844 P2d 251

John K. Knight, St. Helens, argued the cause and filed the briefs for appellants.

John F. Hunnicutt, St. Helens, argued the cause and filed the brief for respondents.

Charles S. Crookham, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, Salem, filed a brief *amicus curiae* for Department of Land Conservation and Development.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs applied to Columbia County for a comprehensive plan map amendment and zone change to redesignate their property from Primary Forest (PF-76) to Forest Agricultural (FA-19). After the county's alleged failure to take final action on the application within 120 days after its completion, plaintiffs brought this mandamus action against the defendant county commissioners pursuant to ORS 215.428 to compel them to grant the application. The trial court granted a peremptory writ, compelling defendants to approve the application. Defendants appeal, and we reverse.

ORS 215.428 provides, in part:

"(1)   Except as provided in subsections (3) and (4) of this section, the governing body of a county or its designate shall take final action on an application for a permit, limited land use decision or zone change, including resolution of all appeals under ORS 215.422, within 120 days after the application is deemed complete.

"* * * * *

"(5)   The 120-day period set in subsection (1) of this section applies:

"(a)   Only to decisions wholly within the authority and control of the governing body of the county; and

"(b)   Unless the parties have agreed to mediation as described in ORS 197.318(2)(b).

"(6)   Notwithstanding subsection (5) of this section, the 120-day period set in subsection (1) of this section does not apply to an amendment to an acknowledged comprehensive plan or land use regulation or adoption of a new land use regulation that was forwarded to the director under ORS 197.610(1).

"(7)   If the governing body of the county or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county

comprehensive plan or land use regulations as defined in ORS 197.015."

The acknowledged county comprehensive plan contains a policy that requires a "plan amendment when considering a zone change from Primary Forest (PF-76) to Forest-Agriculture (FA-19)" under circumstances of the kind involved here.

Defendants contend that, because plaintiffs' application and the comprehensive plan policy required a plan amendment, the circuit court lacked "jurisdiction." Defendants rely primarily on ORS 215.428(6), which they read as making the mandamus procedure unavailable in any case where there is an application for or a requirement of a comprehensive plan amendment. Standing alone, ORS 215.428(6) is arguably ambiguous on that score.[1] However, any ambiguity is resolved when it is read with subsections (1) and (7) of the same section. Indeed, the latter subsection is independently decisive in defendants' favor.

■ The mandamus remedy under ORS 215.428(7) applies only in cases of applications for permits, limited land use decisions and zone changes. The remedy is not provided in connection with plan amendments. Here, plaintiffs sought a zone change as well as a plan amendment. However, under the plan policy, the approval of a zone change of the kind in question requires the adoption of a corresponding plan amendment. *See Baker v. City of Milwaukie*, 271 Or 500, 533 P2d 772 (1975). Although ORS 215.428(7) does apply to zone changes, we conclude that that application is restricted to rezonings that do not require plan amendments or other land use actions that are beyond the remedial scope of the statute as their predicate. To hold otherwise would open the land use planning process to circuit court intervention on the basis of the most minimal rather than the most substantial component of the use that an applicant seeks. That is clearly contrary to the objective of the land use statutes. *See, e.g.,*

---

[1] It is unclear to us from the record whether the proposals were forwarded to the director of the Department of Land Conservation and Development pursuant to ORS 197.610(1) and whether ORS 215.428(6) applies only when there has been an actual forwarding to the director or applies to all proposals that ORS 197.610(1) requires to be forwarded. The grounds for our disposition of the case make it unnecessary to reach those questions.

*Campbell v. Bd. of Commissioners*, 107 Or App 611, 813 P2d 1074 (1991).

■ We agree with defendants that the trial court lacked the authority to consider the merits of the case or to issue the writ. Plaintiffs argue that defendants did not raise that issue in the trial court and may not do so now. We disagree. Whether the issue is characterized as "jurisdictional" or as a failure to state a claim on which relief can be granted, it may be raised for the first time on appeal.

We do not reach the other arguments of the parties or of the *amicus*.

Reversed and remanded with instructions to dismiss the action.