On respondents' petition for reconsideration filed January 28, reconsideration allowed; opinion (117 Or App 385, 844 P2d 251) modified and adhered to as modified March 31, reconsideration denied May 12, petition for review allowed June 22, 1993 (317 Or 162)

Stephen M. and Sally W. EDNEY,
*Respondents,*

*v.*

COLUMBIA COUNTY
BOARD OF COMMISSIONERS,
comprised of Michael Sykes,
Jack Peterson and Dale Heimuller,
*Appellants.*

(91-2044; CA A73139)

849 P2d 1125

John F. Hunnicutt and David J. Hunnicutt, St. Helens, for petition.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

RICHARDSON, C. J.

## RICHARDSON, C. J.

Plaintiffs seek Supreme Court review and, thereby, our reconsideration of our decision reversing the trial court's peremptory writ of mandamus and remanding with instructions to dismiss the action. 117 Or App 385, 844 P2d 251 (1992). We now conclude that the reasoning in our opinion was erroneous, but that the result was correct for alternative reasons. We therefore allow reconsideration, modify our opinion and adhere to it as modified.

■ Plaintiffs applied to the county for a comprehensive plan map amendment and a zone change for certain property. The county failed to take final action on the application within the 120 days allowed by ORS 215.428(1), and plaintiffs brought this mandamus proceeding under ORS 215.428(7). After the action was brought, but before it was decided, the county governing body denied the application. The trial court nevertheless proceeded with the action and directed the county to grant the application. The basis for our reversal was that ORS 215.428(7) provides for mandamus only in connection with permits, limited land use decisions and zone changes. We concluded that the remedy is not available in cases where the proposed land use decision requires a comprehensive plan amendment.

ORS 215.428 provides, in part:

"(1) Except as provided in subsections (3) and (4) of this section, the governing body of a county or its designate shall take final action on an application for a permit, limited land use decision or zone change, including resolution of all appeals under ORS 215.422, within 120 days after the application is deemed complete.

"* * * * *

"(5) The 120-day period set in subsection (1) of this section applies:

"(a) Only to decisions wholly within the authority and control of the governing body of the county; and

"(b) Unless the parties have agreed to mediation as described in ORS 197.318(2)(b).

"(6) Notwithstanding subsection (5) of this section, the 120-day period set in subsection (1) of this section does not apply to an amendment to an acknowledged comprehensive

plan or land use regulation or adoption of a new land use regulation that was forwarded to the director under ORS 197.610(1).

"(7) If the governing body of the county or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

We reasoned that, because subsection (7) does not include plan amendments among the types of decisions that can be compelled by mandamus, they are outside the jurisdiction that the statute confers. Plaintiffs argue that our focus was too narrow and that, under subsection (6), certain plan amendments can be subject to the remedy. For reasons that differ somewhat from plaintiffs', we agree that we misconstrued the statute. The types of decisions that subsection (7) makes subject to mandamus are defined in identical terms to those that subsection (1) makes subject to the 120-day requirement. Because subsections (5) and (6) make it clear that the 120-day requirement of subsection (1) applies to at least some plan amendments, it follows that the same wording in subsection (7) also applies to the same plan amendments. The words "zone change" in subsections (1) and (7) therefore include plan amendments that are necessary to redesignate the zoning of property, if the amendments qualify for inclusion under subsections (5) and (6).

■ We need not decide whether the proposed zone change in this case could come within ORS 215.428(7) as we now interpret it, *but see* 117 Or App at 388, n 1, because defendants and the *amicus curiae* brief of Department of Land Conservation and Development offer an alternative argument, with which we agree, for holding that the trial court lacked jurisdiction. The county made a decision on plaintiffs' application while the mandamus action was pending. Defendants and the *amicus* argue that the court lost jurisdiction over the action at the time that the county did so.

They rely on *Simon v. Board of Co. Comm. of Marion Co.*, 91 Or App 487, 755 P2d 741 (1988), where the county made its decision on an application more than 120 days after it became final, but before the plaintiffs brought their mandamus action. We said, in holding that ORS 215.428(7) did not provide jurisdiction over the action:

"The facts of this case place two statutory provisions in apparent conflict. The county failed to act on plaintiffs' application within 120 days, thus bringing ORS 215.428(7) to bear. However, when the county did act, it did so through a 'land use decision,' review of which is [in] LUBA's exclusive jurisdiction. ORS 197.825(1). Nothing in either provision addresses the situation where mandamus is sought after the governing body acts. We must look at the statutory scheme as a whole to resolve the conflict.

"ORS 197.805 *et seq* creates a comprehensive system for reviewing land use decisions. Central to it is LUBA's exclusive jurisdiction to review 'any land use decision.' ORS 197.825(1). By creating LUBA and giving it exclusive jurisdiction, the legislature created a body with particular expertise to review land use decisions and channeled such decisions to that body. Quick disposition of disputed issues is also central to the statutory scheme. ORS 197.805 provides that 'it is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use'; this policy is implemented by short deadlines for decision and appeal throughout the entire process, including expedited review by this court. ORS 197.830; ORS 197.850; ORS 197.855.

"Construing ORS 215.428(7) to continue jurisdiction in the circuit court after a governing body has acted, even belatedly, would be inconsistent with the statutory scheme. The mandamus remedy is not subject to expedited review, and it makes little sense to review a decision through a slower process simply because the governing body failed to act more quickly. It also makes little sense to require a second tribunal to make a second initial decision. To provide an alternative channel of review would also defeat the legislature's obvious intent to funnel review of land use decisions through LUBA.

"The legislature has made clear that review by LUBA is the norm. The mandamus remedy is intended to effectuate LUBA's role, not undercut it. The evident purpose of ORS 215.428 is to ensure that local governing bodies issue a decision. Once the governing body acts, the purpose of ORS

215.428(7) has been met, and there is no reason for resort to circuit court." 91 Or App at 490-91. (Footnotes omitted.)

To a similar effect, *see Bigej Enterprises v. Tillamook County*, 118 Or App 342, 847 P2d 869 (1993).

In both *Simon* and *Bigej Enterprises*, we expressly found it unnecessary to decide whether the same holding would follow if a mandamus action had been brought and was pending but not finally decided when the county made a decision. 91 Or App at 491, n 2; 118 Or App at 346, n 2. It is necessary to decide that question here. The *amicus* contends that the answer should be yes, and argues that, under the logic of *Simon*,

"[t]here is no reason to continue the proceeding if the governing body has fulfilled its duty to render a final decision on the application. Maintenance of the circuit court proceeding places land use decision making responsibilities in an inexpert forum away from the county's own expertise and experience. Further, the circuit court's directive to approve the request is not subject to LUBA review. The result is contrary to the legislature's evident intent to engraft consistency and adherence to standards on land use decision-making."

Plaintiffs argue for the opposite answer:

"The *Simon* court noted that the statutory scheme for review of land use decisions was best left with a body with land use expertise, i.e. LUBA. It also noted that the statutory scheme was designed for speedy resolution of land use matters, implying that resolution of these matters through the courts would be less than 'speedy'. While 'expertise' and 'speed' may have been on the minds of the legislators supporting this law, they also had on their minds the realization that without the judicial branch of government to mandate action, action might not happen if the action required of the local government was politically charged. * * *

"If ORS 215.428(7) is read to allow a governing body to deprive the circuit court of jurisdiction immediately upon the issuance of a land use decision, there is no incentive for the governing body to issue timely land use decisions. If the governing body did not want to approve a zone change, but felt it had no choice, it could simply refuse to issue a decision. Eventually, the party making the zone change request would be forced to either drop the application for a zone change or seek a writ of mandamus, which in all likelihood would

require significant additional expenditures, including the hiring of an attorney. Upon application for mandamus, the governing body would issue an order and the case would proceed as if ORS 215.428(7) did not exist."

Both arguments are cogent. However, the clear point of our reasoning in *Simon v. Board of Co. Comm. of Marion Co., supra,* and *Bigej Enterprises v. Tillamook County, supra,* is that review through the LUBA process is the norm, the mandamus remedy under ORS 215.428(7) is the exception and that resort to circuit court is not permissible once a county decision has been made and the overriding purpose of ORS 215.428(7) has thereby been achieved. That point is no less compelling if the land use decision is made *while* a mandamus action is pending than it is if an untimely decision is made *before* the action is brought. In both instances, the preferred method of review has become fully available, and the need for compulsory relief has ceased to exist.

Plaintiffs' argument implicitly raises the point that they explicitly state elsewhere in their petition, that various decisions of this court "demonstrate an interpretation of [ORS 215.428(7)] which makes its mandate meaningless." We acknowledge that *this* decision, at least, enables counties to defeat mandamus jurisdiction at any time before a final judgment in a preceding under ORS 215.428(7) is rendered. As we suggested in *Simon,* however, the question is not whether *either* provision of the land use statutes must be subordinated to the other, but *which* one should be. We concluded that the statutory scheme as a whole dictated that the LUBA review procedure should prevail over the mandamus alternative. We adhere to that view, and we extend our holdings in *Simon* and *Bigej Enterprises* to situations, like this one, where a county's belated land use decision is made after a mandamus action has been brought but before it has been finally adjudicated.

Reconsideration allowed; opinion modified and adhered to as modified.