Argued and submitted June 7, reversed and remanded with instructions July 7, reconsideration denied September 15, 1993, petition for review pending 1994

STATE ex rel COMPASS CORPORATION,
*Respondent,*

*v.*

CITY OF LAKE OSWEGO,
a municipal corporation of
the State of Oregon,
*Appellant.*

(92-1-134; CA A76227)

856 P2d 319

Cynthia L. Phillips, Deputy City Attorney, Lake Oswego, argued the cause and filed the briefs for appellant.

Gregory S. Hathaway, Portland, argued the cause for respondent. With him on the brief were Richard M. Layne, Virginia L. Gustafson and Garvey, Schubert & Barer, Portland.

Before Deits, Presiding Judge, and Riggs and Landau, Judges.

DEITS, P. J.

## DEITS, P. J.

■ Defendant City of Lake Oswego appeals from a judgment directing it to grant plaintiff's partition application in this mandamus action under ORS 227.178(7).[1] We reverse.

The city took final action to deny the application after plaintiff brought the mandamus action, but before the action was finally adjudicated. In *Edney v. Columbia County Board of Commissioners*, 119 Or App 6, 849 P2d 1125, *rev allowed* 317 Or 162 (1993), decided after the parties filed their briefs here, we construed ORS 215.428(7), the provision that is applicable to counties and that parallels ORS 227.178(7), and held that mandamus jurisdiction is lost and the LUBA appeal process becomes exclusive if "a county's belated land use decision is made after a mandamus action has been brought but before it has been finally adjudicated." 119 Or App at 12.

At oral argument, plaintiff acknowledged that *Edney* is controlling, but contended that it was wrongly decided. We recognized in *Edney* that there was an inherent conflict between the mandamus statutes and the LUBA review statutes, and that full literal effect cannot be given to both. We acknowledged in that decision that there are persuasive arguments on both sides of this issue. However, it was our conclusion that the legislature intended that the LUBA process, in which land use issues can be reviewed on their merits by the body to whom the legislature has assigned that task, is preferred over compulsory circuit court relief. We adhere to that view and to our decision in *Edney*.

Reversed and remanded with instructions to dismiss action.

---

[1] ORS 227.178(7) provides:

"If the governing body of the city or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the city comprehensive plan or land use regulations as defined in ORS 197.015."