138

Argued and submitted November 1, decision of the Court of Appeals on reconsideration affirmed on different grounds; case remanded to the circuit court with instructions December 16, 1993

Stephen M. and Sally W. EDNEY,
*Petitioners on Review,*

*v.*

COLUMBIA COUNTY
BOARD OF COMMISSIONERS,
comprised of
Michael Sykes, Jack Peterson
and Dale Heimuller,
*Respondents on Review.*

(CC 91-2044; CA A73139; SC S40166)

863 P2d 1259

John F. Hunnicutt, St. Helens, argued the cause for petitioners on review. With him on the petition was David J. Hunnicutt, St. Helens.

John K. Knight, St. Helens, argued the cause and filed the response for respondents on review.

Dorothy S. Cofield and David B. Smith, Tigard, filed a brief *amicus curiae* on behalf of Oregonians in Action.

Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and John T. Bagg, Assistant Attorney General, filed a brief *amicus curiae* on behalf of the Department of Land Conservation and Development.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Plaintiffs in this mandamus proceeding seek review of the Court of Appeals' decision reversing the trial court's peremptory writ of mandamus and remanding the case with instructions to dismiss. *Edney v. Columbia County Board of Commissioners*, 117 Or App 385, 844 P2d 251 (1992), *modified on reconsideration* 119 Or App 6, 849 P2d 1125 (1993). For the reasons that follow, we affirm the decision of the Court of Appeals on reconsideration, on different grounds.

In June 1990, plaintiffs applied to Columbia County (county) for a zone change and amendment to Comprehensive Plan Map 1. The amendment would have resulted in a change in the zoning of their 80-acre parcel from Primary Forest (PF-76) to Forest Agricultural (FA-19). Under the county's zoning ordinances, reclassification of PF-76 land to FA-19 land requires an amendment to the Columbia County Comprehensive Plan. The county therefore treated plaintiffs' application as one for a comprehensive plan amendment and a zone change. Because the application involved an amendment to an acknowledged comprehensive plan that requires the application of statewide land use planning goals, the county was required to submit the proposed amendment to the Department of Land Conservation and Development (DLCD) at least 45 days before a final hearing on the matter. ORS 197.610.[1] On September 26, 1990, the county notified DLCD of the proposed plan amendment and zone change. On October 30, 1990, DLCD responded by letter, recommending that plaintiffs' application be denied. *See* ORS 197.610(3) (describing recommendation options).

On November 14, 1990, the county held a public hearing on plaintiffs' application. The Columbia County Planning Commission recommended approval of the application. DLCD recommended denial of the application, because

---

[1] ORS 197.610(1) provides:

"A proposal to amend a local government acknowledged comprehensive plan or land use regulation or to adopt a new land use regulation shall be forwarded to the director at least 45 days before the final hearing on adoption. The proposal forwarded shall contain the text and any supplemental information that the local government believes is necessary to inform the director as to the effect of the proposal. The director shall notify persons who have requested notice that the proposal is pending."

plaintiffs' property met all the requirements for PF-76 zoning and was suitable for commercial forestry. The State Forester opined that plaintiffs' property was better suited for production of forest crops than agricultural crops and was large enough to support a commercial forest operation. There was other testimony in favor of and in opposition to plaintiffs' application. After deliberation, the Columbia County Board of Commissioners (Board) denied plaintiffs' application, instructing County Counsel to draft a final order to that effect.

On April 1, 1991, plaintiffs filed a petition for an alternative writ of mandamus in circuit court alleging that, because the Board had failed to take final action on their application within 120 days, ORS 215.428(7)[2] allowed them to apply to the circuit court for a writ of mandamus to compel the Board to approve their application. The circuit court issued an alternative writ of mandamus, ordering the Board to approve plaintiffs' application or show cause why it had not done so. On April 17, 1991, the Board issued an order denying the application for a plan amendment and zone change. The Board then moved to dismiss the alternative writ of mandamus for want of subject matter jurisdiction, because the order denying the request for rezoning had been issued. The

---

[2] ORS 215.428 provides in part:

"(1) Except as provided in subsection (3) [standards applicable at time of application] and (4) [extensions at request of applicant] of this section, *the governing body* of a county or its designate *shall take final action on an application for a permit, limited land use decision or zone change*, including resolution of all appeals under ORS 215.422, *within 120 days* after the application is deemed complete.

"* * * * *

"(6) Notwithstanding subsection (5) [120-day period does not apply to decision not wholly within control of governing body or where parties have agreed to mediation] of this section, *the 120-day period* set in subsection (1) of this section *does not apply to an amendment to an acknowledged comprehensive plan* or land use regulation or adoption of a new land use regulation *that was forwarded to the director under ORS 197.610(1).*

"(7) *If the governing body* of the county or its designate *does not take final action on an application for a permit, limited land use decision or zone change within 120 days* after the application is deemed complete, *the applicant may apply in the circuit court* of the county where the application was filed *for a writ of mandamus* to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015." (Emphasis added.)

circuit court denied the Board's motion to dismiss. The Board also filed a return to the alternative writ of mandamus, certifying that it had shown cause why it had not approved plaintiffs' application. Thereafter, the circuit court issued a peremptory writ of mandamus directing the Board to grant plaintiffs' application. The Board appealed, arguing that the circuit court lacked subject matter jurisdiction to issue the peremptory writ of mandamus.

The Court of Appeals initially held that, because plaintiffs' application involved an amendment to a comprehensive plan, the 120-day limitation contained in ORS 215.428(7) did not apply to the application. Therefore, the court reversed the circuit court and remanded the case with instructions to dismiss. *Edney v. Columbia County Board of Commissioners, supra,* 117 Or App at 389. On reconsideration, the Court of Appeals modified its earlier opinion, basing its reversal on the ground that the circuit court lost subject matter jurisdiction over the action at the time the Board issued its final order denying plaintiffs' application. *Edney v. Columbia County Board of Commissioners, supra,* 119 Or App at 12.

Before this court, plaintiffs argue that the Court of Appeals' interpretation of ORS 215.428(7) renders the statute meaningless and that the Board's unilateral action in issuing a final order on plaintiffs' application should not deprive the circuit court of mandamus jurisdiction.[3] The Board argues that the Court of Appeals' initial reasoning, *viz.,* that the mandamus remedy under ORS 215.428(7) does not apply to this action, was correct. The Board further argues that the Court of Appeals' reasoning on reconsideration also was correct. Because we hold that the ground for reversal asserted in the Court of Appeals' first opinion is dispositive, we need not consider the ground for reversal asserted in the Court of Appeals' second opinion.

---

[3] Plaintiffs also make constitutional arguments that are based on asserted errors in the Court of Appeals' *modified* opinion in this case. Those arguments rest on the premise that plaintiffs have a mandamus remedy under ORS 215.428(7). Because we hold that that statute does not entitle plaintiffs to a mandamus remedy, those arguments are not relevant.

Plaintiffs relied on ORS 215.428(7) for the circuit court's mandamus jurisdiction. Before attempting to determine what effect, if any, the Board's action in issuing its denial order may have had on the circuit court's mandamus jurisdiction, it is appropriate to determine whether this action was properly brought under ORS 215.428(7) in the first place. That determination depends on the meaning of the statute. We proceed, therefore, to examine the text and context of ORS 215.428(7) to determine whether it confers subject matter jurisdiction on a circuit court under these circumstances. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993) (setting forth methodology for statutory construction).

Like ORS 215.428(1), ORS 215.428(7) applies to applications "for a permit, limited land use decision or zone change." In their petition for an alternative writ of mandamus, plaintiffs described their application pending before the Board as a "request for a zone change." The relief sought was that the circuit court should direct the Board to approve plaintiffs' "request for re-zoning." Plaintiffs did not mention in their petition that an amendment to the comprehensive plan was necessary to effect their requested zone change. The Board's motion to dismiss was accompanied by the Board's final order, which states at the outset:

> "This matter came before the Board * * * for hearing on November 14, 1990 pursuant to a recommendation by the Columbia County Planning Commission to approve the application of Dr. Stephen and Sally Edney for a *Comprehensive Plan Amendment and Zone Change * * *.*" (Emphasis added.)

As noted, the zone change at issue here was not permissible under the county's comprehensive plan *without a plan amendment*. Thus, under the county's comprehensive plan, it was not possible for the Board to grant plaintiffs' zone change separately from their requested plan amendment.

■■ An application for a zone change appears to fall within the 120-day rule set forth in ORS 215.428(1) and (7), based on the use of the phrase "zone change" in those provisions. However, subsections (1) and (7) must be read in context. That context includes the exceptions to the 120-day rule contained in the other parts of ORS 215.428. ORS

215.428(6) specifically provides that the 120-day rule *does not apply* to decisions involving applications that require amendments to acknowledged comprehensive plans that must be forwarded to DLCD under ORS 197.610(1). Where the zone change cannot occur without amendment to the comprehensive plan, thus *triggering the DLCD notification requirement* of ORS 197.610(1), the limitation in subsection (6) applies and the Board is not required to act on the zone change portion of the application within 120 days. Interpreting the mandamus provisions of subsection (7) in light of the exceptions to the 120-day rule contained in subsection (6), we conclude that the circuit court lacked subject matter jurisdiction because the application required a comprehensive plan amendment and, therefore, plaintiffs were not entitled to a mandamus remedy in circuit court. *Cf. Wright v. KECH-TV*, 300 Or 139, 147, 707 P2d 1232 (1985) (where complaint raised issues within the exclusive jurisdiction of the Land Use Board of Appeals, the circuit court lacked subject matter jurisdiction) *cert denied* 476 US 1117 (1986).

Plaintiffs argue, however, that there is no reason not to apply the 120-day rule here. They argue that the reason for the exception contained in subsection (6) is to give DLCD time to respond but that, in this case, DLCD responded within 120 days. Whatever may be the reason for the inclusion of subsection (6) in the statute, the fact that DLCD did not need the time to respond in this particular case cannot serve to enlarge the limited mandamus remedy available under ORS 215.428(7).

Plaintiffs advance other reasons why their requested zone change should not be considered an "amendment" to the comprehensive plan. Those arguments, however, ignore the plain words of the plan, which state that a plan amendment *is* required to rezone PF-76 land to FA-19 land. Rezoning plaintiffs' property from PF-76 to FA-19 would require an amendment to the county's comprehensive plan.

Finally, plaintiffs argue that applying the limitation of ORS 215.428(6) to facts such as these might lead governing bodies to amend their comprehensive plans to require plan amendments for all rezoning, thus defeating the purpose of the 120-day time limitation. However, our task is to announce what the statute means. Whether such a state of

affairs ever would arise is completely conjectural and cannot change the statute's meaning. The possibility that undesirable consequences might flow from that meaning may justify legislative correction, but it does not change the nature of our function in construing the statute.

ORS 215.428(7) allows circuit courts to issue writs of mandamus under limited circumstances. Those circumstances are not present here, because plaintiffs' application required an amendment to the comprehensive plan, thus triggering the exceptions to the 120-day rule contained in ORS 215.428(6). Accordingly, the appropriate disposition here is dismissal of the action for want of subject matter jurisdiction.

The decision of the Court of Appeals on reconsideration is affirmed, on different grounds. The case is remanded to the circuit court, with instructions to vacate the peremptory writ of mandamus and dismiss the proceeding.