Argued and submitted May 12, resubmitted August 8, decision of the Court of
Appeals reversed; case remanded to the Court of Appeals for further proceedings
August 11, reconsideration denied September 20, 1994

# STATE ex rel COMPASS CORPORATION,
*Petitioner on Review,*

*v.*

# CITY OF LAKE OSWEGO,
a municipal corporation of
the State of Oregon,
*Respondent on Review.*

## (CC 92-1-134; CA A76227; SC S40507)

878 P2d 403

Gregory S. Hathaway of Davis, Wright, Tremaine, Portland, argued the cause for petitioner on review. With him on the petition was Timothy R. Volpert.

Cynthia L. Phillips, Deputy City Attorney, Lake Oswego, argued the cause for respondent on review. Jeffrey G. Condit, City Attorney, Lake Oswego, filed the response to the petition.

Dorothy S. Cofield and David B. Smith, Tigard, filed a brief on behalf of *amicus curiae* Oregonians In Action.

DURHAM, J.

## DURHAM, J.

Relator Compass Corporation seeks review of a decision of the Court of Appeals that ordered dismissal, for lack of jurisdiction, of its mandamus action under ORS 227.178(7). *State ex rel Compass Corp. v. City of Lake Oswego*, 121 Or App 486, 856 P2d 319 (1993). The issue is whether the defendant City of Lake Oswego's (City) denial of relator's partition application deprived the circuit court of authority under ORS 227.178(7) to issue a writ of mandamus to City's governing body to compel approval of the application. Our answer to that question is "no." Accordingly, we reverse the decision of the Court of Appeals.

On March 22, 1991, relator filed an application for a land use permit to create three parcels on a 1.2-acre site. Pursuant to ORS 227.178(2),[1] City deemed the application[2] complete on April 5, 1991. On June 3, 1991, City's Development Review Board conducted a hearing on the application. On August 5, 1991, the Board voted to deny the application and, on October 7, 1991, voted to deny reconsideration of its decision. On October 22, 1991, relator filed an appeal to the city council.

On January 14, 1992, relator filed a petition for an alternative writ of mandamus under ORS 227.178, which provides, in part:

"(1)  Except as provided in subsections (3) and (4) of this section, the governing body of a city or its designate shall take final action on an application for a permit, limited land use decision or zone change, including resolution of all appeals

---

[1] ORS 227.178(2) provides:

"If an application for a permit, limited land use decision or zone change is incomplete, the governing body or its designate shall notify the applicant of exactly what information is missing within 30 days of receipt of the application and allow the applicant to submit the missing information. The application shall be deemed complete for the purpose of subsection (1) of this section upon receipt by the governing body or its designate of the missing information. If the applicant refuses to submit the missing information, the application shall be deemed complete for the purpose of subsection (1) of this section on the 31st day after the governing body first received the application."

[2] The trial court found that the application consisted of relator's original application and several conditions that City's staff recommended and relator adopted. City did not assign error to that finding. On review, we assume, in accordance with the trial court's finding, that the application incorporates the conditions required by City's planning staff.

under ORS 227.180, within 120 days after the application is deemed complete.

"* * * * *

"(7) If the governing body of the city or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the city comprehensive plan or land use regulations as defined in ORS 197.015."

The court issued the alternative writ and scheduled a show cause hearing for February 12, 1992. On February 11, 1992, the city council took final action to deny relator's application.

At the show cause hearing on February 12, 1992, City moved to dismiss the proceeding on the ground that the city council's action on February 11, 1992, deprived the court of authority to issue the writ. The court denied the motion. In its answer, City admitted that it had not taken final action on relator's application within 120 days of April 5, 1991, and alleged that approval of the application would violate City's comprehensive plan and land use regulations.

Following a hearing, the court issued a peremptory writ of mandamus requiring City to approve the application.[3] The court concluded:

"The defendant [City] did not sustain its burden of proof that approval of the application would violate a substantive provision of defendants [sic] Comprehensive Plan or land use regulations as defined in ORS 197.015."

City appealed the judgment to the Court of Appeals. Relying on the rationale of *Edney v. Columbia County Board of Commissioners*, 119 Or App 6, 849 P2d 1125, *aff'd on other grounds*, 318 Or 138, 863 P2d 1259 (1993),[4] the Court of

---

[3] The court also allowed relator to recover its reasonable attorney fees pursuant to ORS 34.210(2). The propriety of that award is not before us.

[4] *Edney* involved ORS 215.428(7), which is similar in every respect to ORS 227.178(7), except that it governs mandamus proceedings against counties instead of

Appeals reversed, holding that the circuit court lost mandamus jurisdiction when the city denied the application before the mandamus proceeding finally was adjudicated. *State ex rel Compass Corp. v. City of Lake Oswego, supra*, 121 Or App at 488. According to the Court of Appeals, its interpretation of ORS 227.178(7) resolved an inherent conflict between the mandamus statute and the LUBA review statutes in a manner that supported the legislature's preference for LUBA review of land use issues. *Id.*

■ Whether the belated decision by City to deny petitioner's application deprives the circuit court of authority to compel approval through a writ of mandamus is a question that is controlled by the legislature's intention in adopting ORS 227.178(7). To discern the legislature's intention, we begin by examining the text and context of the statute. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). Context includes "other provisions of the same statute and other related statutes." *Id.* at 611.

■ ORS 227.178(7) provides that, if the city's governing body fails to take action within the 120-day period specified in ORS 227.178(1), the applicant may seek a writ of mandamus "to compel the governing body or its designate to issue the approval." That wording creates a right to a judicially compelled approval of an application, not merely a right to a prompt decision by the governing body to approve or disapprove the application. Nothing in the statutory text suggests that the legislature intended to permit a local government to foreclose an applicant's access to the mandamus remedy by denying the application after expiration of the 120-day deadline.

■ The policy behind ORS 227.178(7) is evident. If a governing body fails to take final action on an application within the required 120 days, the applicant is entitled to obtain an order compelling approval, subject to defenses that the governing body must establish. The statutory scheme

cities. We held that circuit courts do not have jurisdiction under ORS 215.428(7) when the underlying application requires a comprehensive plan amendment. *Edney v. Columbia County Board of Commissioners, supra*, 318 Or at 144. Because the *Edney* application required such an amendment, we did not reach the issue of whether a circuit court loses jurisdiction to issue the writ when a county takes final action during the pendency of the mandamus proceeding. *Id.* at 142.

provides an incentive for timely governmental action, along with a remedial mechanism that results in an approval, unless the governing body demonstrates that approval would violate the local comprehensive plan or land use regulations. Our review of the text of ORS 227.178(7) and other related statutes that address the review of land use applications by cities, ORS 227.160 to ORS 227.185, discloses no basis for concluding that ORS 227.178(7) is ambiguous.

The statutes that provide for LUBA review of land use decisions by cities are related to the subject matter of ORS 227.178(7) and are, therefore, a part of its context. We examine those statutes to determine whether, in the light of their wording, the meaning of ORS 227.178(7) becomes ambiguous.

ORS 197.805 provides:

"It is the policy of the Legislative Assembly that time is of the essence in reaching final decisions in matters involving land use and that those decisions be made consistently with sound principles governing judicial review. It is the intent of the Legislative Assembly in enacting ORS 197.805 to 197.855 to accomplish these objectives."

ORS 197.825[5] grants to LUBA exclusive jurisdiction to review land use decisions or limited land use decisions.[6]

---

[5] ORS 197.825 provides:

"(1) Except as provided in ORS 197.320 and subsections (2) and (3) of this section, the board shall have exclusive jurisdiction to review any land use decision or limited land use decision of a local government, special district or a state agency in the manner provided in ORS 197.830 to 197.845.

"(2) The jurisdiction of the board:

"(a) Is limited to those cases in which the petitioner has exhausted all remedies available by right before petitioning the board for review;

"(b) Is subject to the provisions of ORS 197.850 relating to judicial review by the Court of Appeals;

"(c) Does not include those matters over which the department has review authority under ORS 197.430 to 197.455, 197.649 and 197.650;

"(d) Does not include those land use decisions of a state agency over which the Court of Appeals has jurisdiction for initial judicial review under ORS 183.400, 183.482 or other statutory provisions;

"(e) Does not include any rules, programs, decisions, determinations or activities carried out under ORS 527.610 to 527.770, 527.990(1) and 527.992; and

"(f) Is subject to ORS 196.115 for any county land use decision that may be reviewed by the Columbia River Gorge Commission pursuant to sections 10(c) or 15(a)(2) of the Columbia River Gorge National Scenic Area Act, P.L. 99-663.

Review procedures before LUBA, and the procedures for judicial review of LUBA final orders, are controlled by abbreviated statutory time limits. ORS 197.830; 197.840; 197.850; 197.855. Those limits are designed to accelerate the LUBA review process. No similar time limits apply to a mandamus

---

"(3) Notwithstanding subsection (1) of this section, the circuit courts of this state retain jurisdiction:

"(a) to grant declaratory, injunctive, or mandatory relief in proceedings arising from decisions described in ORS 197.015(10)(b) or proceedings brought to enforce the provisions of an adopted comprehensive plan or land use regulations; and

"(b) To enforce orders of the board in appropriate proceedings brought by the board or a party to the board proceeding resulting in the order."

[6] ORS 197.015 provides, in part:

"As used in ORS chapters 195, 196 and 197, unless the context requires otherwise:

"* * * * *

"(10) 'Land use decision':

"(a) Includes:

"(A) A final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

"(i) The goals;

"(ii) A comprehensive plan provision;

"(iii) A land use regulation; or

"(iv) A new land use regulation; or

"(B) A final decision or determination of a state agency other than the commission with respect to which the agency is required to apply the goals; and

"(b) Does not include a decision of a local government:

"(A) Which is made under land use standards which do not require interpretation or the exercise of policy or legal judgment;

"(B) Which approves or denies a building permit issued under clear and objective land use standards;

"(C) Which is a limited land use decision; or

"(D) Which determines final engineering design, construction, operation, maintenance, repair or preservation of a transportation facility which is otherwise authorized by and consistent with the comprehensive plan and land use regulations; and

"(c) Does not include a decision by a school district to close a school.

"* * * * *

"(12) 'Limited land use decision' is a final decision or determination made by a local government pertaining to a site within an urban growth boundary which concerns:

"(a) The approval or denial of a subdivision or partition, as described in ORS chapter 92.

proceeding under ORS 227.178(7) or to an appeal from that proceeding to the Court of Appeals. That circumstance, standing alone, does not render ORS 227.178(7) ambiguous because, as we discuss below, the mandamus remedy is not designed to provide review of a local government's land use decisions or limited land use decisions.

■ The LUBA review statutes, unlike ORS 227.178(1), do not impose on cities any procedural requirements or deadlines for final action on land use applications. Those statutes do not cite ORS 227.178(7) or expressly address the circuit court's authority to compel an approval in a mandamus proceeding under that statute.

■ In reviewing a local government's decision to approve a land use application, LUBA may determine, among other things, whether the decision violates the comprehensive plan or land use regulations. ORS 197.835. That inquiry bears some resemblance to the circuit court's inquiry under ORS 227.178(7) to determine whether a city has carried its burden to show that an approval would violate the comprehensive plan or land use regulations. However, as the following discussion suggests, those inquiries are not identical.

■ LUBA reviews a local government decision. The predicate for a mandamus proceeding under ORS 227.178(7) is the local government's failure to make a timely final decision on an application. Because the local government has failed to make a decision, the mandamus proceeding is not a process for "review" of a local government's decision.

Additionally, different standards control the determinations, by LUBA and the circuit court, of whether an approval of a land use application complies with the comprehensive plan and land use regulations. Under ORS 197.829,[7]

_____

"(b) The approval or denial of an application based on discretionary standards designed to regulate the physical characteristics of a use permitted outright, including but not limited to site review and design review."

[7] ORS 197.829 provides:

"The Land Use Board of Appeals shall affirm a local government's interpretation of its comprehensive plan and land use regulations, unless the board determines that the local government's interpretation:

LUBA must affirm a local government's interpretation of those provisions unless it is not consistent with the express wording, purpose, or policy of those provisions, or of a state law that those provisions implement. By contrast, under ORS 227.178(7),

> "[t]he writ shall be issued *unless the governing body shows* that the approval would violate a substantive provision of the city comprehensive plan or land use regulations as defined in ORS 197.015." (Emphasis supplied.)

The two schemes could conflict if the city's belated decision rendered the mandamus proceeding moot. As the Court of Appeals noted in *Edney v. Columbia County Board of Commissioners, supra,* 119 Or App at 10, the mandamus statute and the LUBA statutes are silent about whether a city's belated decision to deny an application affects the circuit court's mandamus jurisdiction. The Court of Appeals concluded that such a decision by a city prevents the court from issuing a writ, reasoning that there is no reason to force a city to make a second decision. According to that court, once the city makes a decision, even a belated one, the purpose of the mandamus statute has been satisfied, and there is no need to resort to court.

██ ██ That reasoning overlooks the applicant's statutory right, not merely to an order that rules on the application, but to an order *compelling an approval.* If a city could avoid the mandamus remedy by denying the application on the eve of a court hearing, the incentive to make a timely decision within 120 days would disappear. Properly viewed, the approval action that the court compels through mandamus is not a second decision by the city; it is an action that the law requires as a consequence of the city's violation of the 120-day deadline. For that reason, a belated decision to deny an application does not render moot the applicant's claim to the mandamus

---

"(1) Is inconsistent with the express language of the comprehensive plan or land use regulation;

"(2) Is inconsistent with the purpose for the comprehensive plan or land use regulation;

"(3) Is inconsistent with the underlying policy that provides the basis for the comprehensive plan or land use regulation; or

"(4) Is contrary to a state statute, land use goal or rule that the comprehensive plan provision or land use regulation implements."

remedy. Under our analysis, the absence of wording in ORS 227.178 or the LUBA statutes addressing the effect of a belated denial does not create an ambiguity regarding the court's authority to issue a writ of mandamus.

■       Our review of the text and context of ORS 227.178(7) leads us to conclude that the legislature's intention behind that statute is clear. It creates a remedy—a judicially compelled approval—for a city's violation of the 120-day deadline in ORS 227.178(1). The applicant's right to that remedy is not affected by the city's decision, after the 120-day period has expired, to deny the application. Nothing in the other statutes that relate to the same subject, including the LUBA review statutes, creates an ambiguity as to the legislative intention regarding the circuit court's authority under these circumstances. It follows that the Court of Appeals erred in holding that City's belated denial of the application deprived the circuit court of authority to grant a writ of mandamus requiring approval of the application. We reverse the Court of Appeals' decision in that regard.

Because the Court of Appeals disposed of this case on jurisdictional grounds, it did not address City's other assignment of error. We remand the case to the Court of Appeals so that it may address that assignment of error.

The decision of the Court of Appeals is reversed. The case is remanded to the Court of Appeals for further proceedings.