Submitted on remand from the Oregon Supreme Court September 29, affirmed December 14, 1994

# STATE ex rel COMPASS CORPORATION,
## *Respondent,*
### *v.*

# THE CITY OF LAKE OSWEGO,
a municipal corporation of the
State of Oregon,
*Appellant.*

(92-1-134; CA A76227)

886 P2d 1074

Cynthia L. Phillips, Deputy City Attorney, argued the cause and filed the briefs for appellant.

Gregory S. Hathaway argued the cause for respondent. With him on the brief were Richard M. Layne, Virginia L. Gustafson and Garvey, Schubert & Barer.

Before Deits, Presiding Judge, and Riggs and Landau, Judges.

DEITS, P. J.

## DEITS, P. J.

This mandamus action under ORS 227.178(7) is before us on remand from the Supreme Court. *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 878 P2d 403 (1994). Plaintiff submitted an application for a partition to the city, which was "deemed complete" on April 5, 1991. Thereafter, the city planning staff recommended several conditions of approval, to which plaintiff agreed. The application was denied by the city's lower adjudicative body. Plaintiff appealed to the city council. That body did not render a decision within 120 days after the submission of the completed application, and plaintiff brought this action to compel the approval of the application. While the action was pending, the council rendered a decision purporting to deny the application. Subsequently, the trial court rejected the city's contentions that the court lacked jurisdiction and that the application violated provisions of the city's land use legislation. The court issued a peremptory writ of mandamus, directing the city to approve the application.

ORS 227.178(7) provides:

"If the governing body of the city or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the city comprehensive plan or land use regulation as defined by ORS 197.015."

In our initial consideration of this appeal, we concluded that the trial court lost jurisdiction at the time that the city council issued it decision denying the application. 121 Or App 486, 856 P2d 319 (1993). The Supreme Court disagreed, and remanded for us to consider the city's second assignment, which we did not reach in our first opinion. The city contends in that assignment that the court erred by rejecting its arguments that the approval would violate the city's comprehensive plan or land use regulations. We turn to that assignment.

■    The issue is complicated at the outset by the fact that the parties seem not to agree about what constitutes the application that we are considering. Most of the city's arguments are to the effect that, without the conditions that the planning staff recommended, the application as filed would conflict with the city land use legislation. Plaintiff contends, however:

> "The City indirectly suggests, though fails to develop any argument, that in determining whether the 'application' violated any provisions of the City's comprehensive plan or land use regulations, the Circuit Court was required to consider only the bare application, rather than the application as it was submitted to the City's review bodies. However, since the applicant accepted and agreed to each of the conditions, and it was the conditioned application which was presented to the local decision making bodies for evaluation of compliance with the applicable regulations, it is that conditioned application which the court was also required to evaluate."

The trial court's view accorded with plaintiff's. It recited in its written findings:

> "The application considered consisted of the application filed in addition to the conditions recommended by the staff and adopted by [plaintiff]."

The peremptory writ itself directs the city to approve "the Application."

The Supreme Court noted in its opinion:

> "The trial court found that the application consisted of [plaintiff's] original application and several conditions that city's staff recommended and [plaintiff] adopted. City did not assign error to that finding. On review, we assume, in accordance with the trial court's finding, that the application incorporates the conditions required by City's planning staff." 315 Or at 539 n 2.

Consistently with that assumption, we hold that the application involved here is the original one with the staff conditions added, and we construe the judgment and address the issues accordingly.[1]

---

[1] We note that the city's brief before this court, in which the assignment of error setting forth the contrary understanding appears, was of course written before the

The city's arguments fall into two categories. The first consists of assertions that, without the conditions recommended by the staff, the application would violate applicable city land use legislation. The second consists of contentions that the application violates the city legislation for other reasons. The assertions in the first category fail because, as discussed, the posture of the case is that the conditions are deemed part of the application.

■■ The city makes two arguments of the second kind that call for discussion. First, it contends that the application offends city legislation pertaining to turning radii. However, the trial court made factual findings that, if correct, defeat that argument. The argument relies almost entirely on evidence that the city adduced that supports its view of the facts. However, we do not review *de novo. See School District 129J v. Fosdick*, 68 Or App 23, 26-27, 681 P2d 1167 (1984), *rev dismissed* 299 Or 314 (1985). Therefore, we are bound by the trial court's factual findings, which the evidence permits.

■■ The city also argues:

> "The Court also concluded that LOC 49.615(1) was inapplicable to the writ of mandamus proceeding. LOC 49.615(1) is one of the Lake Oswego land use regulations. It provides that the burden of proof in all cases is upon the applicant seeking approval. Insofar as [plaintiff's] application goes, it did not bear the burden of proof, neither in front of the staff, nor the Development Review Board. Therefore, this is one more land use regulation with which the application did not comply."

However, the city provision pertains to the burden of proof in permit proceedings before the city. It does not and cannot apply to the statutory mandamus procedure that becomes available to the applicant when the city fails to complete its proceedings within the time the statute permits. ORS 227.178(7) very clearly places the burden on the city to show

quoted passage from the Supreme Court's opinion was.

We imply no view about how the statute operates when an application is amended during the review process and ends up in a form that differs from the one that was filed and deemed complete. *Compare Murphy Citizens Advisory Com. v. Josephine County*, 319 Or 477, 878 P2d 414 (1994). The Supreme Court does not address this question directly. However, the opinion and the court's directives on remand clearly signify to us that the merits of the second assignment of error are to be reached.

that the approval would violate a plan or regulatory provision. *See State ex rel Compass Corp. v. City of Lake Oswego, supra*, 319 Or at 544-45. We agree with the trial court that the city failed to carry its burden here.

Affirmed.