On respondent's petition for attorney fees (see 131 Or App 647, 886 P2d 1074 for opinion) filed January 17, submitted In Banc May 3, petition allowed June 21, 1995

STATE ex rel COMPASS CORPORATION,
*Respondent,*

*v.*

The CITY OF LAKE OSWEGO,
a municipal corporation of
the State of Oregon,
*Appellant.*

(92-1-134; CA A76227)

898 P2d 198

Gregory S. Hathaway and Davis Wright Tremaine for petition.

Jeffrey G. Condit, *contra.*

LANDAU, J.

Deits, J., dissenting.

**LANDAU, J.**

Plaintiff petitions for an award of attorney fees under ORS 34.210 in the amount of $8,892.25. We allow the petition.

Plaintiff submitted to the City of Lake Oswego (the city) an application for a permit to partition a parcel of property. A lower adjudicative arm of the city denied the application, and plaintiff appealed to the city council. When more than 120 days passed without any decision from the city council, plaintiff filed a petition for an alternative writ of mandamus under ORS 227.178(7), which provides:

> "If the governing body of the city or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the city comprehensive plan or land use regulations as defined in ORS 197.015."

The trial court issued the alternative writ. Following a hearing, the trial court issued a peremptory writ of mandamus requiring the city to approve the application. We affirmed. *State ex rel Compass Corp. v. City of Lake Oswego*, 131 Or App 647, 886 P2d 1074 (1994). Plaintiff then petitioned for attorney fees under the statute governing writs of mandamus generally:

> "(1)   If the court orders issuance of a peremptory writ of mandamus, the relator shall recover from the defendant damages which the relator has sustained from a false return, to be ascertained in the same manner as in an action.
>
> "(2)   *The court in its discretion may designate a prevailing party and award attorney fees, costs and disbursements to the prevailing party * * *.*"

ORS 34.210. (Emphasis supplied.) Plaintiff argues that, because it successfully obtained a peremptory writ of mandamus, it is entitled to fees, costs and disbursements as a "prevailing party" within the meaning of ORS 34.210(2).

The city opposes the petition. According to the city, plaintiff is not entitled to an award of attorney fees, because ORS 227.178(7) does not provide for an award of fees. The city acknowledges that ORS 34.210(2) does provide for an award of fees to a prevailing party in a mandamus proceeding. Nevertheless, it insists that ORS 34.210(2) does not apply, because the remedy that plaintiff successfully obtained under ORS 227.178(7) was "substantially different from a writ of mandamus under ORS 34.105 to 34.240."

The city's argument is at odds with the language of the statute. ORS 227.178(7) provides that an applicant who is waiting for a decision from a governing body of the city "may apply in the circuit court of the county where the application was filed *for a writ of mandamus* * * *." (Emphasis supplied.) It does not say that an applicant may file for a special brand of writ of mandamus that applies only to that statute and no other. It says simply that an applicant may apply for a writ of mandamus.

The city's argument, that the remedy obtained by issuance of a writ of mandamus to enforce ORS 227.178(7) is different from the remedy obtained in enforcing other statutes by the issuance of the writ of mandamus, is circular. Enforcement of different statutes always produces different remedies, because different statutes are being enforced. What the city ignores is the fact that, in each case, the enforcement mechanism is the same: issuance of a writ of mandamus.[1] ORS chapter 34 is the only place in the Oregon Revised Statutes that provides a procedure by which one may obtain a writ of mandamus. Clearly, the legislature intended ORS chapter 34 to apply. If it did not, then it created a remedy without a procedure for obtaining it. We find no evidence in the language of either ORS 227.178(7) or ORS chapter 34 to support that notion.

---

[1] In a related vein, the dissent argues that the relief provided in ORS 227.178(7) is not the sort of relief that may be obtained in an ORS chapter 34 mandamus action, because the approval of the kinds of permits to which ORS 227.178(7) applies is discretionary. That argument misses the point, which is that although the city initially has the discretion under ORS 227.160(2) to approve or deny an application, if the city does not exercise its discretion within 120 days, it loses that discretion entirely. At that point, under ORS 227.178(7), the city *must* approve the application unless it can be demonstrated that approval would violate the comprehensive plan or other specified land use regulations. That *nondiscretionary* duty is the proper subject of an ORS chapter 34 mandamus action.

We have, in fact, routinely applied the procedures of ORS chapter 34 to mandamus proceedings to enforce statutes very similar to ORS 227.178(7). For example, ORS 215.428(7) contains an identical provision permitting an applicant to compel a county to approve an application for a permit, limited land use decision or zone change. In *Wallace v. Board of County Commissioners*, 105 Or App 364, 368, 804 P2d 1220 (1991), we reversed the trial court's issuance of a peremptory writ because the trial court had failed to hold a hearing as required by ORS 34.150 and ORS 34.160.

Given that ORS chapter 34 describes the procedures by which a writ of mandamus may be obtained to enforce ORS 227.178(7), we are able to discern no reason for failing to apply the attorney fee provision of ORS chapter 34 to the prevailing party in such an action. Certainly nothing in the language of either ORS 227.178(7) or ORS chapter 34 suggests that only selected portions of chapter 34 apply to proceedings to enforce ORS 227.178(7).[2]

We conclude, therefore, that ORS 34.210(2) authorizes an award of attorney fees to plaintiff. Because the city does not object to the reasonableness of the amount of the fee requested, we award plaintiff the full amount of its request.

Petition for $8,892.25 in attorney fees allowed.

**DEITS, J.,** dissenting.

I do not agree that we have statutory authority to award attorney fees here and, therefore, I respectfully dissent.[1]

---

[2] The dissent asserts that, because ORS 34.210(2) was enacted six years after ORS 227.178(7), the former cannot provide a basis for an award to a prevailing party in an action to enforce the latter. We disagree. ORS 227.178(7), enacted in 1983, authorizes the issuance of a "writ of mandamus." ORS 34.210(2), enacted in 1989, permits an award of attorney fees to one who obtains a writ of mandamus. Absent language demonstrating a contrary intention, we presume that the legislature intended the 1989 enactment relating to writs of mandamus to apply to mandamus actions already authorized by statute. *See State of Oregon v. Buck*, 200 Or 87, 97-99, 262 P2d 495 (1953). Indeed, under the dissent's reasoning, ORS 34.210(2) would only apply to mandamus actions legislatively authorized after 1989. That reasoning simply is not supported by the language of the statute.

[1] Our decision on the merits in this appeal followed the Supreme Court's remand. In its opinion, *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 540 n 2, 878 P2d 403 (1994), the Supreme Court noted that "the propriety" of the trial court's award of attorney fees under ORS 34.210(2) was not before it.

The majority's thesis is that all writ of mandamus actions are pretty much the same; consequently, it concludes that the general mandamus provisions of ORS chapter 34, including the provision for attorney fees in ORS 34.210(2), are applicable to this action under ORS 227.178(7). I do not share the majority's premise that ORS 227.178(7) is materially indistinguishable from the general mandamus statutes, or that the differences between them are inconsequential. In fact, ORS 227.178(7) differs from the general statutes in the most fundamental of respects: The "mandamus" label it uses notwithstanding, ORS 227.178(7) provides for a totally different remedy than the one obtainable under ORS chapter 34.

The Supreme Court said in *Riesland v. Bailey*, 146 Or 574, 577, 31 P2d 183 (1934), that, under the general mandamus statutes:

> "The general rule, which is well recognized, is that where the performance of an official duty or act involves the exercise of judgment or discretion, the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter; he can only be directed to act, leaving the matter as to what particular action he will take to his determination[.]"

(Citation omitted.) *See also State ex rel Ricco v. Biggs*, 198 Or 413, 422-23, 255 P2d 1055 (1953), and authorities there cited (stating same principle).

By contrast, the remedy provided in ORS 227.178(7) is exactly the relief that may not be allowed in mandamus actions under ORS chapter 34. Decisions on local permit applications can and generally do entail the exercise of judgment or discretion, ORS 197.015(10); *Doughton v. Douglas County*, 82 Or App 444, 728 P2d 887 (1986), *rev den* 303 Or 74 (1987), and the kinds of permits to which ORS 227.178 applies are defined to include a *"discretionary* approval of a proposed development of land." ORS 227.160(2). (Emphasis supplied.) However, the remedy that ORS 227.178(7) establishes is not, like that of ORS chapter 34, to compel a recalcitrant public body to make *a* decision; rather, ORS 227.178(7) requires the court to tell the body *what* decision it must make, *i.e.*, to approve the application. In other words, ORS 227.178(7) eliminates the city governing body's discretion, if it has failed to exercise that discretion in a timely

manner; conversely, the general statutes would allow nothing more than a judicial direction that the discretion be exercised. Because of that graphic difference between the two statutes, I do not agree with the majority's understanding that ORS 227.178(7) should be treated as a transplanted version of the ORS chapter 34 provisions in their entirety, or that the general statutes rather than ORS 227.178(7) should be the focus of our analysis in this case that was brought pursuant to the latter.

I do not disagree with the majority that *some* of the procedural provisions in ORS chapter 34 are applicable in actions under ORS 227.178(7). As the legislature's definition of the remedies under the two statutory schemes demonstrates, however, that does not mean that it intended to incorporate *everything* in the general statutes into ORS 227.178(7).

The answer to the specific question here, whether ORS 227.178(7) was intended to incorporate the attorney fee provision of ORS 34.210(2), is clear. ORS 227.178(7) was enacted through Oregon Laws 1983, chapter 827, section 27. ORS 34.210(2) was enacted six years later through Oregon Laws 1989, chapter 702, section 5. At the time ORS 227.178(7) was enacted, attorney fees were not recoverable in any mandamus action in Oregon. *State ex rel Oregon Television, Inc. v. Prophet*, 97 Or App 525, 526, 776 P2d 592 (1989). In my view, they remain unrecoverable in actions under that statute.

Accordingly, I dissent.

Richardson, C. J., and Riggs, J., join in this dissent.