Argued and submitted November 28, 1990, reversed and remanded on appeal and
cross-appeal January 23, 1991

Frank H. WALLACE
and Peggy L. Wallace,
*Respondents - Cross-Respondents,*

*v.*

THE BOARD OF COUNTY
COMMISSIONERS OF KLAMATH
COUNTY, State of Oregon,
*Appellant - Cross-Respondent,*

Larry LUND
and Barbara Lund,
*Intervenors-Respondents - Cross-Appellants.*

(88-382-CV; CA A62763)

804 P2d 1220

Michael L. Spencer, Klamath Falls, argued the cause and filed the brief for appellant - cross-respondent.

Diane Spies, Lake Oswego, argued the cause and filed the brief for respondents - cross-respondents.

Donald R. Crane, Klamath Falls, argued the cause and filed the brief for intervenors-respondents - cross- appellants. With him on the brief was Crane & Foltyn, Klamath Falls.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

**EDMONDS, J.**

The Board of County Commissioners of Klamath County (county) appeals and intervenors cross-appeal a peremptory writ of mandamus requiring county to issue a conditional use permit. We reverse.

Petitioners Wallace own a 40-acre tract of land in Klamath County. On July 1, 1988, they applied for a conditional use permit for an aggregate mining quarry on the parcel. On July 25, 1988, the county planning staff issued a report that said, "[p]etitioners' application for a mineral extraction site conforms to the relevant Klamath County/State Policies/Goals." County conducted hearings on the application, but had not taken final action by December 19, 1988, when petitioners petitioned for an alternative writ of mandamus under ORS 215.428(7)[1] to compel the county to grant the permit. The court issued the alternative writ and set a show cause hearing date.

Intervenors, who own and reside on property that adjoins the proposed quarry, moved to intervene under ORCP 33C.[2] Their answer in intervention alleged in part:

"Petitioners were not entitled to the relief prayed for because they were notified within 30 days of submission that their application was incomplete and that they failed to submit the requested information. ORS 215.428(2) and (3).

"* * * * *

"The writ should be denied because approval would violate the provisions of the Klamath County Comprehensive Plan and Land Development Code."

---

[1] ORS 215.428(7) provides:

"If the governing body of the county or its designate does not take final action on an application for a permit or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

[2] ORCP 33C provides:

"At any time before trial, any person who has an interest in the matter in litigation may, by leave of court, intervene. In exercising its discretion, the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

Intervenors also filed a motion to dismiss, alleging that the petition failed to state a claim for relief, because it did not allege that a demand had been made on county to act. County filed an answer and motions to dismiss and to strike the petition.

The trial court granted the motion to intervene. Petitioners thereafter moved to dismiss and to vacate the order of intervention. The court denied the motion. The matter was set for hearing but was continued to allow the parties to attempt to settle. The hearing was rescheduled. On August 11, 1989, county's attorney wrote to the court:

"[County] will no longer be involved in this matter and will not participate in the trial. We will accept whatever determination the Court makes and effect whatever order the Court may have. By copy of this letter to all parties, I am notifying them also of the fact that we will not be participating any further in the litigation in this matter and will allow the two parties who are at odds to each other to litigate this matter."

Before the hearing date, petitioners renewed their motion to dismiss and to vacate the order of intervention. At the hearing on the motion, county's counsel stated:

"The County has a general policy that when two parties in a land use dispute can adequately litigate the issues that the County should not remain involved and allow the parties that really have an interest to litigate those interests. * * *

"*Now I will say that if the Court feels that the County must be present the County will be present in this proceeding. So we oppose the dismissal. What we believe is that the parties can adequately litigate it. We have a Defendant who can litigate all of the issues on behalf of the County, essentially.* There is no need for the county to be personally involved at this state [*sic*]." (Emphasis supplied.)

The court granted the motion and dismissed intervenors as parties. It also determined that, on the basis of the August 11 letter, county had conceded that petitioners' proposed quarry would not violate any land use provisions. Thereafter, it issued a peremptory writ of mandamus.

County and intervenors assert that the trial court erred when it issued a peremptory writ without conducting a hearing. ORS 34.150 provides:

"The writ shall be either alternative or peremptory; when

in the alternative, it shall state concisely the facts, according to the petition, showing the obligation of the defendant to perform the act, and the omission of the defendant to perform it, and command the defendant, that immediately after the receipt of the writ, or at some other specified time, the defendant do the act required to be performed, or show cause before the court or judge thereof, by whom the writ was allowed, at a time and place therein specified, why the defendant has not done so; and that the defendant then and there return the writ, with the certificate of the defendant annexed, of having done as the defendant is commanded, or the cause of omission thereof. When peremptory, the writ shall be in similar form, except that the words requiring the defendant to show cause why the defendant has not done as commanded, and to return the cause therefor, shall be omitted."

ORS 34.160 provides:

"When the right to require the performance of the act is *clear,* and it is apparent that no valid excuse can be given for not performing it, a peremptory writ shall be allowed *in the first instance;* in all other cases, the alternative writ shall be *first* issued." (Emphasis supplied.)

■ Here, the trial court first issued an alternative writ of mandamus. Then, without conducting a hearing on county's answer to that writ, it issued a peremptory writ. Both intervenors' and county's responsive pleadings put in issue the propriety of approving the conditional use permit. Further, notwithstanding the ambiguity of county's August 11 letter, county put the court on notice at the hearing that it was not withdrawing its opposition to the petition; its "delegation" of its defense to intervenors did not obviate that opposition. Under the circumstances, petitioners' right to the approval of their application for a conditional use permit was not clear. In effect, the peremptory writ was issued "in the first instance," an action that directly conflicts with the mandate of ORS 34.160. The trial court erred in issuing the peremptory writ without conducting a hearing regarding the alternative writ.

■ Intervenors assert on cross-appeal that the trial court erred when it vacated the earlier order granting their motion to intervene.[3] They refer us to *Parks v. Tillamook Co. Comm./*

---

[3] Intervenors do not assert that they had a right to intervene under ORCP 33B or ORS 34.130(4).

*Spliid,* 11 Or App 177, 201, 501 P2d 85 (1972), where we said:

> "[T]he person responsible for unlawfully constructing buildings has a duty to remove them, and therefore, mandamus will lie against that person. The partnership responsible for the construction of [the buildings] in question has intervened, aligning itself with the county commissioners as a corespondent. *The case can now proceed as if intervenor was originally named as a respondent in the alternative writ.* If petitioners prevail on remand, the final writ issued will be addressed to both the county commissioners and the intervenor." (Emphasis supplied; citations omitted.)

Intervenors interpret that to mean that, once a court grants a motion for permissive intervention, it is without discretion to vacate the order. We disagree. *Parks* concerned the liability of an intervenor under a writ of mandamus, not the power of the court to vacate an order granting intervention. That the power resides in the trial court, however, is beyond dispute. The Supreme Court has said:

> "It is within the inherent power of Circuit Courts of this state, in any proper case, at any time during the term to modify or amend, set aside or vacate any order, judgment or decree made by said court during said term[.]" *Hudelson v. Sanders-Swafford Co.,* 111 Or 600, 606, 227 P 310 (1924). (Citations omitted.)

That power necessarily includes the power to modify or vacate an interlocutory order, such as an order granting a motion to intervene.

■      The only remaining question is whether the trial court abused its discretion when it dismissed intervenors by vacating the order granting intervention. *See Samuels v. Hubbard,* 71 Or App 481, 486, 692 P2d 700, *rev den* 299 Or 118 (1985). Intervenors are owners of property adjoining the land subject to the proposed conditional use permit. Therefore, they were entitled to participate, and did participate, in the hearings on the permit application. If county had acted on the application, intervenors could have contested the decision by appealing to LUBA. ORS 197.835. Here, however, county did not act on the application, and it became subject to a petition for a writ of mandamus under ORS 215.428(7). County then effectively delegated to intervenors its interest in contesting the petition, because they had personal interests at stake.

■  County is not required to appear and resist the issuance of a writ under ORS 215.428(7). However, its decision not to do so does not, in itself, foreclose other interested parties from intervening and presenting the defenses that the statute contemplates. County's August 11 letter and its attorney's statements at the September 8 hearing told the court that it agreed with intervenors that the issuance of the permit would violate county's land use regulations. The court misconstrued the August 11 letter as a concession on the merits of the action. When it vacated the order of intervention on the basis of that misunderstanding, that was an abuse of discretion.[4]

Reversed and remanded on appeal and cross-appeal.

---

[4] Intervenors' other assignments of error relate to the merits of the issuance of the writ of mandamus. Given our conclusion that the court erred in issuing the writ, we need not address those assignments.