Argued and submitted November 14, 1990, award of attorney fees for unreasonable denial affirmed; award of attorney fees for services on Board review reversed September 4, 1991

In the Matter of the Compensation of
Kenneth A. Hendershott, Claimant.

DEPARTMENT OF JUSTICE,
INMATE INSURANCE FUND,
*Petitioner,*

*v.*

Kenneth A. HENDERSHOTT,
*Respondent.*

(WCB 87-17525; CA A61286)

816 P2d 1178

David L. Runner, Assistant Attorney General, Salem, argued the cause for petitioner. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Ralph M. Yenne, Salem, argued the cause and filed the brief for respondent.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Department of Justice Inmate Injury Fund (petitioner) seeks reversal of the Workers' Compensation Board's order affirming an award of attorney fees by the referee and awarding additional attorney fees for services rendered by claimant's attorney on Board review. We affirm in part and reverse in part.

Claimant is an inmate at the Oregon State Penitentiary. He filed a claim for nerve damage to his hands and forearms on August 14, 1987, alleging that the condition was related to work that he had performed at the forest camp. Petitioner initially denied the claim on October 20, 1987, and claimant requested a hearing. At the hearing, petitioner stipulated that it had rescinded its denial and that its denial had been unreasonable. The referee concluded that claimant was not entitled to a penalty, but awarded attorney fees because of petitioner's unreasonable denial. On review, the Board affirmed the referee's order and awarded claimant additional attorney fees for services rendered on Board review.

■      Petitioner contends that the Board erred both in affirming the referee's order awarding attorney fees and in awarding fees for services rendered on Board review. The Board did not err in affirming the *referee's* award of attorney fees. In *Jones v. OSCI*, 108 Or App 230, 814 P2d 558 (1991), we concluded that Senate Bill 540, amending ORS 656.386(1), expressly provides for attorney fees under the circumstances in this case.

■      However, the Board did err in awarding fees for services on Board review. ORS 656.382(2) authorizes fees only when a claimant's right to compensation is at risk on review. *Howard v. Willamette Poultry,* 101 Or App 584, 587, 792 P2d 447 (1990). Attorney fees are not "compensation." *Dotson v. Bohemia, Inc.,* 80 Or App 233, 236, 720 P2d 1345, *rev den* 302 Or 35 (1986). Because claimant's right to attorney fees was the only issue on review, his right to compensation was not at risk. Therefore, he was not entitled to attorney fees under ORS 656.382(2), and the Board erred in awarding them.

Award of attorney fees for unreasonable denial affirmed; award of attorney fees for services on Board review reversed.