Argued and submitted July 22, reversed and remanded with instructions
December 16, 1992

In the Matter of the Compensation of
Lisa Walleri, Claimant.

Lisa WALLERI,
*Respondent,*

*v.*

THE FEDERAL HOME LOAN BANK
OF SEATTLE
and Aetna Casualty & Surety Company,
*Appellants.*

(C 91 0012 MI; CA A71724)

843 P2d 984

Darren L. Otto, Portland, argued the cause for appellants. With him on the briefs was Scheminske & Lyons, Portland.

Tomas Finnegan Ryan, Portland, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge, and Deits, Judge.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer appeals the circuit court judgment awarding claimant's counsel's additional fees under *former* ORS 656.388(2). It argues that the circuit court did not have jurisdiction, because its statutory authority had been repealed. We reverse.

In March, 1989, claimant filed a workers' compensation claim. Employer's subsequent denial was overturned by the referee on April 1, 1991. Claimant's counsel requested $33,000 attorney fees, but the referee awarded him $10,000. The attorney filed a petition for additional fees in the circuit court pursuant to *former* ORS 656.388(2)[1] on June 13, 1991. Employer's motion to dismiss the petition was denied, and the court allowed an additional $15,000 as attorney fees.

■ ORS 656.388 was amended in 1990 to eliminate subsection 2. Or Laws 1990, ch 2, § 30. Claimant contends that, under Oregon Laws 1990, chapter 2, section 54, the amendment does not apply to his petition for attorney fees. He argues that, because claimant's request for hearing was filed before May 1, 1990, and a hearing was convened before July 1, 1990, the former version of ORS 656.388 applies. Or Laws 1990, ch 2, § 54; *see SAIF v. Herron*, 114 Or App 64, 836 P2d 131 (1992). There is nothing in the 1990 legislation, he contends, that shows an intention that the repeal of subsection 2 be applied retroactively.

Employer argues that section 54(2) of the 1990 session law does not apply, because a request for attorney fees is not a "matter regarding a claim" to which the law in effect before July 1, 1990, applies. Because the amendment of ORS 656.388 had become effective, the circuit court had no jurisdiction over the attorney fees petition filed June 13, 1991.

■ Generally, a law that repeals a court's jurisdiction takes away the right to proceed in that court at the time the

---

[1] *Former* ORS 656.388(2) provided:

"If an attorney and the referee or board cannot agree upon the amount of the fee, each forthwith shall submit a written statement of the services rendered to the presiding judge for the circuit court in the county in which the claimant resides. The judge shall, in a summary manner, without the payment of filing, trial or court fees, determine the amount of such fee. This controversy shall be given precedence over other proceedings."

law becomes effective. *Libby v. Southern Pac. Co.*, 109 Or 449, 219 P 604, 220 P 1017 (1923). Under certain circumstances, a court may retain jurisdiction to rule on cases pending in that court. *Libby v. Southern Pac. Co., supra*; *Russell et al v. Pac. Maritime et al*, 9 Or App 402, 496 P2d 252, *rev den* (1972). However, if a case is not pending in the court where jurisdiction reposed before the amendment, the new procedures apply in the absence of a savings clause in the repealer. *Trueblood v. Health Division*, 28 Or App 433, 559 P2d 931, *rev den* 278 Or 621 (1977).

Claimant's counsel's petition was not pending in the circuit court the day the circuit court lost jurisdiction to determine attorney fees under the former statute. The workers' compensation claim was pending before the referee on July 1, 1990, but attorney fees are not compensation, *Dept. of Justice Inmate Ins. Fund v. Hendershott*, 108 Or App 584, 816 P2d 1178 (1991), and the fees petition in circuit court was not part of, or a matter, regarding a claim. Or Laws 1990, ch 2, § 54. The circuit court erred by denying employer's motion to dismiss the petition.

Reversed and remanded with instructions to dismiss petition.