Argued and submitted August 18, reversed and remanded October 6,
reconsideration denied December 8, 1993, petition for review pending 1994

## MURPHY CITIZENS ADVISORY COMMITTEE,
*Petitioner,*

*v.*

## JOSEPHINE COUNTY
and Copeland Sand & Gravel, Inc.,
*Respondents.*

(93-234; CA A80513)

860 P2d 857

Matthew G. Fawcett, Medford, argued the cause and filed the brief for petitioner.

James R. Dole, Grants Pass, argued the cause and filed the brief for respondent Copeland Sand & Gravel, Inc.

No appearance by respondent Josephine County.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

Warren, P. J., dissenting.

## EDMONDS, J.

Petitioner seeks review of the dismissal of its appeal to LUBA on the basis of lack of jurisdiction. LUBA held that there was not an appealable land use decision before it. We reverse.

■　　In January, 1992, Copeland Sand & Gravel, Inc. (Copeland) filed its application for a land use permit to conduct industrial operations on property in Josephine County. The Board of County Commissioners held a final hearing in September, 1992, on the application and continued the proceeding for the sole purpose of making a final decision. Copeland brought a mandamus action one day before the date scheduled for the announcement of the county's decision but after the 120-day period expired under ORS 215.428(7).[1] The petition for the writ requested that the court command the county to issue its final approval of the permit "according to the terms of the application." Also, the circuit court granted an *ex parte* order staying further action by the county on the application. Petitioner subsequently intervened in the mandamus proceeding.

In December, 1992, the county and Copeland entered into a settlement of the mandamus proceeding by stipulation. Petitioner was not a party to the settlement agreement. The stipulation provided that "the permit will subsequently issue subject to the *conditions* in this stipulation." (Emphasis supplied.) The referenced conditions were the conditions contained in the Josephine County Planning Commission's previous order on Copeland's application.[2] The trial court held that the stipulation rendered the mandamus action moot and dismissed it.[3]

---

[1] ORS 215.428(7) provides that, if the county governing body fails to take final action on a permit application within 120 days after its completed filing, the applicant is entitled to a writ of mandamus compelling the county to approve the application, unless the county can establish that the "approval would violate a substantive provision of the county comprehensive plan or land use regulations." Those defenses may also be presented by an intervenor in the mandamus action. *Wallace v. Board of Commissioners*, 105 Or App 364, 804 P2d 1220 (1991).

[2] The eight-page order, approving the permit subject to certain conditions, was issued in May, 1992. Petitioner had appealed that order to the Board of County Commissioners.

[3] The judgment of dismissal recites:

"1. Defendants have complied with the terms of the Alternative Writ of Mandamus * * * by virtue of the stipulation * * * wherein Defendants and

The issue on appeal is whether the stipulation is an appealable land use decision within the meaning of ORS 197.015(10). It provides that a land use decision includes:

"(A)    A final decision or determination made by a local government or special district that concerns the adoption, amendment or application of:

"(i)    The goals;

"(ii)    A comprehensive plan provision;

"(iii)    A land use regulation; or

"(iv)    A new land use regulation[.]"

Respondents argue that the stipulation was not an application of such laws, but a settlement of the mandamus proceeding.

■■    In construing statutes, our task is to discern the intent of the legislature. ORS 174.020. In *State v. Trenary*, 316 Or 172, 175, 850 P2d 356 (1993), the court outlined a template to follow in ascertaining legislative intent. The starting point of the analysis is with the text of the statute, to ascertain what is contained therein, not to insert what has been omitted, or to omit what has been inserted. The plain meaning of ORS 197.015(10) is that the application of land use laws that result in the approval or dismissal of an application for a permit constitutes a land use decision even if that decision is made outside the confines of the land use proceeding.

Our case law supports our interpretation of ORS 197.015(10). In *Edney v. Columbia County Board of Commissioners*, 119 Or App 6, 849 P2d 1125, *rev allowed* 317 Or 162 (1993), we held that the circuit court loses jurisdiction under ORS 215.428(7) if, at any time before it renders a final judgment, the county makes a land use decision on the application that is the subject of the action. Our rationale was that review through the LUBA process is the norm and that

Relator agreed that the requested development permit would issue subject to the referenced conditions.

"2.    Further consideration of this matter is rendered moot because of the Defendants' compliance to the writ."

Petitioner has appealed the judgment in the mandamus action to this court, and that appeal is pending.

the mandamus remedy under ORS 215.428(7) is the exception. *See also Bigej Enterprises v. Tillamook County,* 118 Or App 342, 847 P2d 869, *rev den* 317 Or 162 (1993); *Simon v. Board of Co. Comm. of Marion Co.,* 91 Or App 487, 755 P2d 741 (1988). Once a county makes the land use decision, the overriding intention of the legislature that the county make the decision has been achieved and resort to the circuit court is not permissible. Here, the mandamus proceeding did not end with a final judgment in favor of Copeland granting the relief that it requested. It ended after the county made a decision to agree to the stipulation.

■ We hold that the stipulation subjecting approval of the permit to the conditions contained in the planning commission's previous order is a "land use decision" by the county. It is not merely an acquiescence in the relief requested by Copeland in its application for a writ of mandamus, because the petition asked for the writ to command the county to issue final approval according to the terms of the application. Rather, it imposes specific conditions required by the county planning commission, and says that the permit "will subsequently issue" subject to those conditions. The stipulation ends the county's deliberation process on the application as well as the mandamus proceeding. In essence, the county and Copeland agreed to adopt the planning commission's application of land use regulations to Copeland's application and, therefore, its action became a *de facto* land use decision as defined under ORS 197.015. In the light of these facts, LUBA erred in dismissing petitioner's appeal for lack of jurisdiction.

Reversed and remanded.

**WARREN, P. J.,** dissenting.

In *Edney v. Columbia County Board of Commissioners,* 119 Or App 6, 849 P2d 1125, *rev allowed* 317 Or 162 (1993), and the cases cited there, we analyzed the relationship between the mandamus procedure under ORS 215.428(7) and the land use decision and review scheme under other land use statutes. We concluded that the two are difficult to harmonize: The other statutes *require* counties to make land use decisions on the merits of permit applications, while ORS 215.428(7) enables counties to avoid that duty by delay and to

allow the approval of permits to be judicially compelled without a local decision or LUBA review on the merits. We reconciled the statutes in *Edney* by holding that the mandamus procedure ceases to be available if a county makes a land use decision on the application at any time before a final judgment is rendered in a mandamus action brought to compel its approval.

The difference between this case and *Edney* is that, there, the county *made* a decision on the merits and denied the application while the action was pending. Here, the county entered into an agreement to settle the action, without reference to or any consideration of the merits of the application.[1] The majority concludes that the settlement agreement was nevertheless a "land use decision" as defined in ORS 197.015(10), because it involved the application of the county's land use regulations. The majority reasons that the settlement was not simply an agreement by the county to the outright approval of the permit that the applicant sought in the mandamus proceeding; rather, it entailed an application of land use regulations because the settlement document incorporated the conditions of approval that the county planning commission had attached to its earlier approval of the permit.

In my view, the majority's reasoning is flawed for two interrelated reasons: It contorts the settlement document to make it fit the ORS 197.015(10) definition, and it completely disregards the bearing that ORS 215.428(7) has on the question. At the relevant time, the planning commission's decision was not final or authoritative; it had been appealed to the governing body and was pending before that body at the time that the mandamus action was brought. The governing body's acquiescence in the settlement did not purport to apply any land use standards but, like any other settlement, was simply a consensual means of ending the litigation on terms that both parties contracted to accept. The fact that the settlement did not give the applicant all that it originally sought does not mean that it was any the less a settlement — or any the more a land use decision; it is hardly novel for

---

[1] As the majority notes, a direct appeal from the judgment in the mandamus action is pending before this court. Nothing in this opinion implies a view on the merits of that action or that appeal.

litigation to be settled on terms less favorable to the plaintiff than those it initially sought to obtain.

By the majority's reasoning, even after a peremptory writ has issued in an ORS 215.428(7) proceeding, a county's action that formalizes its compliance with the court's order would be a land use decision, reviewable by LUBA. No less than the settlement here, a county order in that situation would come within the linguistic contours of ORS 197.015 (10). In both instances, however, no decision concerning land use or land use regulations would have been made. *See Gearhart v. Klamath County*, 22 Or LUBA 377 (1991). In the hypothetical, the "decision" would simply be one to comply with the court's order and, here, the "decision" was simply one to allow the permit to issue through the mandamus action rather than through the county's own decisional process. The settlement of an action is as much a part of the litigation process as is the satisfaction of a compulsory judgment.

The effect of the majority's holding falls little short of a judicial repeal of ORS 215.428(7). There is little left of that statute if the dispositional event in an action under it is treated as a land use decision, and the relief that was obtained in the action is thus made subject to LUBA's review and reversal. Implicit in petitioner's argument and the majority's reasoning is that any other result would undermine the statutory land use scheme and enable counties to circumvent it. That is true, but that is also precisely what ORS 215.428(7) allows. It is up to the legislature to decide whether to repeal or retain the statute.

I dissent.