Argued and submitted May 13, reassigned July 14, resubmitted August 4, decision of the Court of Appeals affirmed; matter remanded to the Land Use Board of Appeals for further proceedings August 11, reconsideration denied October 4, 1994

## MURPHY CITIZENS ADVISORY COMMITTEE,
*Respondent on Review,*

*v.*

## JOSEPHINE COUNTY,
*Respondent,*

*and*

## COPELAND SAND & GRAVEL, INC.,
*Petitioner on Review.*

(LUBA 93-234; CA A80513; SC S40802)

878 P2d 414

James R. Dole, of Schultz, Salisbury, Cauble, Versteeg & Dole, Grants Pass, argued the cause and filed the petition for petitioner on review.

Matthew G. Fawcett, Medford, argued the cause and filed the responses for respondent on review.

GILLETTE, J.

**GILLETTE, J.**

In this land use case, the issue is whether a stipulation that was entered into as part of a mandamus action in circuit court under ORS 215.428(7) (set out *infra*) is a "land use decision" that is appealable to the Land Use Board of Appeals (LUBA). The Court of Appeals held that the stipulation was appealable to LUBA, as a *"de facto* land use decision." *Murphy Citizens Advisory Com. v. Josephine County*, 123 Or App 539, 543, 860 P2d 857 (1993). We allowed review and now affirm the decision of the Court of Appeals.

In December 1991, Copeland Sand & Gravel, Inc. (Copeland), filed a "site review application," seeking a development permit that would authorize Copeland to operate a sand, gravel, cement, and asphalt batching business on property in Josephine County. In January 1992, the County's Site Review Committee approved Copeland's application, subject to certain conditions. Murphy Citizens Advisory Committee (MCAC), an intervenor in the site review process, appealed the Site Review Committee's decision to the County Planning Commission. Following a public hearing, the Planning Commission denied the appeal but modified the conditions imposed on Copeland's application. MCAC then appealed that decision to the County Board of Commissioners.

The Board of Commissioners considered MCAC's appeal at a weekly business session on September 9, 1992. At the close of that session, the Board of Commissioners continued the matter to September 23, at which time the Board was to render a decision. On September 22, however, before the Board could take final action on MCAC's appeal, Copeland sought and obtained an alternative writ of mandamus from the Josephine County Circuit Court under ORS 215.428(7).[1] That writ commanded the County to "issue final approval to [Copeland] for a development permit * * *, according to the

---

[1] ORS 215.428(7) provides:

"If the governing body of the county or its designate does not take final action on an application for a permit, limited land use decision or zone change within 120 days after the application is deemed complete, the applicant may apply in the circuit court of the county where the application was filed for a writ of mandamus to compel the governing body or its designate to issue the approval. The writ shall be issued unless the governing body shows that the approval would violate a substantive provision of the county comprehensive plan or land use regulations as defined in ORS 197.015."

terms of the application," or to show cause why it had not done so. The circuit court also issued an order staying further proceedings by the County on Copeland's application. The Board of Commissioners thereafter continued its decision on MCAC's appeal to October 7, then to November 4, and then again to December 9.

Meanwhile, on November 5, the circuit court allowed MCAC to intervene in the mandamus action, and MCAC filed an answer and various motions in opposition to Copeland's application. Then, on December 1, the County and Copeland attempted to settle the mandamus action by entering into a written "stipulation," to which MCAC was not a party. The stipulation provided that the County would withdraw both a motion to quash the writ and an answer that it had filed and that the permit sought by Copeland would later issue, subject to the conditions imposed by the Planning Commission. On December 9, the date to which the Board of Commissioners had last continued the decision on MCAC's appeal, one of the Commissioners reported to the Board that, "due to a Court Action," MCAC's appeal "[would] not be heard by the Board of Commissioners." Following the filing of the stipulation in the circuit court, and after the court considered legal memoranda submitted by Copeland and MCAC, the court dismissed the mandamus action "because of mootness."

MCAC appealed the dismissal of the mandamus proceeding to the Court of Appeals. At the same time, MCAC commenced the present appeal by filing with LUBA a notice of intent to appeal the stipulation. Copeland intervened in this appeal before LUBA and moved to dismiss for lack of subject matter jurisdiction. LUBA initially denied Copeland's motion; however, on reconsideration, LUBA concluded that the stipulation was not a "land use decision" and, therefore, was not appealable. Accordingly, LUBA issued a final opinion and order dismissing the appeal. On review of that order, the Court of Appeals reversed and remanded the matter to LUBA, holding that the stipulation was "a *de facto* land use decision as defined under ORS 197.015 [set out *infra*]."[2]

---

[2] A dissenting judge would have affirmed LUBA's holding that the stipulation was *not* a land use decision appealable to LUBA. *See Murphy Citizens Advisory Com. v. Josephine County*, 123 Or App 539, 543-45, 860 P2d 857 (1993) (Warren, P. J., dissenting).

*Murphy Citizens Advisory Com. v. Josephine County, supra,*
123 Or App at 543. Copeland sought review of that decision in
this court, and we allowed review.

Meanwhile, following its decision in this matter, the
Court of Appeals dismissed MCAC's appeal in the mandamus
action and instructed the circuit court to vacate its judgment.
In an unpublished order, the Court of Appeals noted that,
because the circuit court's judgment did not dispose of
MCAC's interest in the mandamus action, that judgment was
"not final and not appealable."

■    The issue presently before this court is whether the
stipulation entered into by Copeland and the County in an
attempt to settle the underlying mandamus action was
appealable to LUBA as a "land use decision." ORS 197.825(1)
provides that, with certain exceptions not relevant here,
LUBA "shall have exclusive jurisdiction to review any land
use decision * * * of a local government." ORS 197.015(10)(a)
defines the term "land use decision" to include:

"(A)    A final decision or determination made by a local
government or special district that concerns the adoption,
amendment or application of:

"(i)    The goals;

"(ii)    A comprehensive plan provision;

"(iii)    A land use regulation; or

"(iv)    A new land use regulation[.]"

The "decision" that MCAC seeks to appeal to LUBA
in this case is a "stipulation" between the County and Cope-
land. In that stipulation, the County agreed that Copeland's
permit would "subsequently issue," "subject to those site
review conditions set forth by the Josephine County Planning
Commission." In essence, then, the stipulation constituted
the County's decision to approve conditionally Copeland's
application for a development permit.

Copeland does not dispute that that decision, if it had
been made in the normal course of the county's land use
decision-making process, would have constituted a "land use
decision" within the meaning of ORS 197.015(10)(a)(A). *See*
ORS 215.416(8) (requiring counties to approve or deny per-
mit applications based on standards and criteria set out in

appropriate land use ordinances). Copeland's contention is that, because the County's decision was made during the course of a mandamus action under ORS 215.428(7), that decision "did not occur pursuant to any local land use rules" and, therefore, was not a "land use decision." In terms of the definition in ORS 197.015(10)(a)(A), Copeland argues that the County's decision was not a "land use decision" appealable to LUBA, because the decision did not involve "a substantive *application* of the county's goals, comprehensive plan or land use regulations." (Emphasis supplied.)

Copeland's argument proves too much. If the appealability of a county's decision on an application for a development permit depended on whether the county had actually *applied* the land use standards contained in its goals, comprehensive plan, and land use regulations in making that decision, then a county could avoid the land use review process simply by refusing to apply *any* standards at all in making its decision. That cannot have been the legislative intent behind the statutory definition of a "land use decision" in ORS 197.015(10)(a)(A). To the contrary, that statute provides that the final decision of a local government is a "land use decision" if the decision "*concerns*" the application of the goals, a comprehensive plan provision, or a land use regulation (emphasis supplied). We think it self-evident that a county's decision on the issuance of a development permit "concerns" the application of the county's goals, comprehensive plan, and land use regulations, even if the county purports not to apply the land use standards contained in those sources in making its decision.

Further, the fact that the County in this case made its decision during the course of a mandamus action under ORS 215.428(7) does not alter our conclusion as to the nature of that decision. At the time that the County and Copeland entered into their stipulation, the merits of the mandamus action had not yet been litigated, and no peremptory writ had issued. The County had a *choice* between agreeing to the terms of the stipulation and continuing its defense of the mandamus action. The County chose to agree to the terms of the stipulation and thereby made a voluntary decision to approve Copeland's application conditionally. That decision to approve the issuance of a development permit was no less a

"land use decision" for the particular context in which it was made.[3]

■      Copeland next argues that, even if the stipulation otherwise qualifies as a "land use decision" within the meaning of ORS 197.015(10)(a)(A), it is not a "final" decision, as required by that statute, because of the pendency of the underlying mandamus action. As noted, the Court of Appeals has instructed the circuit court to vacate its judgment in the mandamus action, because that judgment failed to dispose of MCAC's interest in the action. Copeland contends that, until the mandamus action is finally resolved, "the stipulation is merely tentative in nature" and cannot provide the basis for an appeal to LUBA.

We disagree. As noted, the stipulation between the County and Copeland constituted the County's voluntary decision to approve Copeland's application for a development permit, subject to the conditions previously recommended by the Planning Commission. Even though the stipulation was made for the apparent purpose of settling the mandamus action, there is nothing in the stipulation itself to indicate that the County's approval of Copeland's application was conditional on the entry of a final judgment in that action. To the contrary, the stipulation on its face is a binding agreement between the County and Copeland, and Copeland's contractual right to enforce that agreement does not depend on the resolution of the mandamus action. Accordingly, the pendency of the mandamus action does not affect the finality of the stipulation as a "land use decision" under ORS 197.015(10)(a)(A).

Because the stipulation between the County and Copeland was a final "land use decision" within the meaning of ORS 197.015(10)(a)(A), LUBA has subject matter jurisdiction over MCAC's appeal from that document. The Court of Appeals was correct in so determining.

The decision of the Court of Appeals is affirmed. The matter is remanded to the Land Use Board of Appeals for further proceedings.

---

[3] We express no opinion as to whether a stipulation to *the issuance of a peremptory writ* under ORS 215.428(7) would constitute a "land use decision" within the meaning of ORS 197.015(10)(a)(A).