Argued and submitted November 27, affirmed December 27, 1995, petition for
review allowed July 30, 1996 (324 Or 18)
See later issue Oregon Reports

**MURPHY CITIZENS ADVISORY COMMITTEE,**
*Petitioner,*

*v.*

**JOSEPHINE COUNTY**
and Copeland Sand & Gravel, Inc.,
*Respondents.*

(LUBA 95-031; CA A90324)

909 P2d 180

Matthew G. Fawcett argued the cause and filed the brief
for petitioner.

James R. Dole argued the cause for respondent Copeland Sand & Gravel, Inc. With him on the brief was Schultz, Salisbury, Cauble, Versteeg & Dole.

No appearance for respondent Josephine County.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

DEITS, P. J.

## DEITS, P. J.

Petitioner seeks review of LUBA's dismissal for lack of jurisdiction of petitioner's appeal from Josephine County's issuance of a permit to respondent Copeland Sand & Gravel (respondent) for an aggregate and asphalt processing operation. We affirm.

Respondent applied for the permit in late 1991. The county failed to act on the application within 120 days, and respondent brought a mandamus proceeding pursuant to ORS 215.428(7). After the issuance of the alternative writ directing the county to grant the permit or show cause, the county and respondent entered into a stipulation whereby the mandamus action would be settled and the permit would be issued subject to conditions. Petitioner appealed from the stipulation to LUBA. It held that the stipulation was not a "land use decision" over which it could exercise jurisdiction. The Supreme Court disagreed, and concluded that the stipulation was appealable as a land use decision. *Murphy Citizens Advisory Com. v. Josephine County*, 319 Or 477, 878 P2d 414 (1994). It remanded the case to LUBA, which in turn remanded the case to the county.

The county's response to the remand was to issue the permit, in accordance with the stipulation.[1] Petitioner then brought the present appeal to LUBA. It again dismissed, this time concluding that it lacked jurisdiction under ORS 197.015(10)(d), which was enacted through Oregon Laws 1995, chapter 812, section 1, after the Supreme Court's decision in the first case. That provision excludes from the definition of "land use decision," and thus from LUBA's jurisdiction:

"(A)  A writ of mandamus issued by a circuit court in accordance with ORS 215.428(7) or 227.178(7); or

---

[1] Ultimately, the trial court dismissed the mandamus action on the ground that defendants "have complied with the terms of the Alternative Writ of Mandamus * * * by stipulating and agreeing that the requested development permit would issue." No peremptory writ was issued in the action. The judgment of dismissal is not independently relevant here. Our analysis centers on the alternative writ and the bearing that the county's compliance with it has on LUBA's jurisdiction. By the same token, nothing that we say here is intended to decide any issues concerning the mandamus action, which is now pending on appeal before us.

"(B)  A local land use approval in response to a writ of mandamus."

Petitioner again seeks our review.

■       The parties do not agree about whether LUBA was correct in construing the 1995 Act as divesting it of jurisdiction over decisions to issue permits under these circumstances. However, the parties do appear to agree that, if that is its meaning, the amended version of the statute is applicable to this case, despite the fact that the permit was issued and the appeal to LUBA was brought before the 1995 Act took effect, because the amendment had become effective before LUBA rendered its decision. We also agree that the amended statute is applicable and determines whether LUBA had jurisdiction to adjudicate the appeal. *Russell et al v. Pac. Maritime et al*, 9 Or App 402, 405, 496 P2d 252, *rev den* (1972), and authorities there cited; *see also Walleri v. Federal Home Loan Bank*, 117 Or App 198, 843 P2d 984 (1992). Moreover, no purpose would be served by *not* applying the amended statute. If LUBA and respondent are correct about its meaning, further review of this case by LUBA or us would be an empty act: Any error in the county's action could only result in a remand to it to do the same thing for the third time, and the amended statute would indisputably apply at that time.

The decisive question, as defined by the parties, is whether the issuance of the permit in response to the alternative writ was "a local land use approval in response to a writ of mandamus" under ORS 197.015(10)(d)(B). Petitioner asserts that only an approval in compliance with a peremptory writ is contemplated by ORS 197.015(10)(d)(B), because:

"LUBA concluded that [it] did not have jurisdiction over this land use decision by virtue of *modified* ORS 197.015(10). * * * However, the amendment to that statute does not specify whether the writ of Mandamus referred to therein is an alternative writ or a peremptory writ. In construction of that ambiguity, the summary for that particular Senate Bill made it clear that this applied to an appeal to a Circuit Court *decision*. [*sic*] Because the statute, as amended, only precludes review of a *decision* which is of the Circuit Court or a land use approval in response to a Circuit Court *decision*, it logically follows that the statute only applies to [a] peremptory writ of Mandamus issued by a Circuit Court or a local

land use approval in response to a peremptory writ of Mandamus.

"In this case, the Court did not expressly issue a peremptory writ of Mandamus." (Emphasis petitioner's.)

■      Respondent takes the view that "ORS 197.015-(10)(d) is not ambiguous," and that it "plainly applies to any writ of mandamus, whether peremptory or alternative." Respondent also notes that "[a]ny other reading of the statute would insert a term which otherwise does not exist," in violation of ORS 174.010.

We agree with respondent. Its understanding of the text of the statute is correct. Moreover, the statutory context also supports respondent's position. ORS 34.150, the general statute that prescribes the form of writs of mandamus, begins by specifying that "[t]he writ shall be either alternative or peremptory." The conclusion follows that the use of the undifferentiated term "writ of mandamus" in ORS 197.015-(10)(d)(B) includes both forms of the writ and, contrary to petitioner's contention, the fact that the legislature did not specify that the statute applies only to peremptory writs means that it unambiguously applies to all writs.

That reading is also supported by other contextual provisions. ORS 215.428(7) makes the mandamus remedy available if the county has failed to act on a permit application within 120 days. That section does not expressly differentiate between alternative and peremptory writs. However, as a mechanical proposition, the *alternative* writ could not issue in cases under that statute until the 120-day period had passed, because no mandatory duty could arise until then.

In *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 878 P2d 403 (1994), decided the same day as *Murphy Citizens*, the court construed ORS 227.178(7), the analog of ORS 215.428(7) that applies to cities. The court concluded in effect that, after 120 days have elapsed and the mandamus procedure has been invoked, that procedure supersedes local government land use decision-making procedures on a permit application. The court held that the local body's purported denial of an application after a mandamus action had been brought to compel its approval, but before the action was finally adjudicated, did not defeat the circuit

court's jurisdiction or its authority to mandate the approval.[2] ORS 215.428(7), as so construed, would be rendered meaningless if, independently of the mandamus action, the local government retained the ability to deny an application, subject to LUBA's eventual approval or disapproval, until the time — quite conceivably long after the passage of 120 days and the issuance of the alternative writ — that a peremptory writ issues. The anomalous effect of petitioner's argument would be that the land use decision-making and appeal procedures could result in the denial of an application at the same time that jurisdiction has irrevocably vested in the circuit court to require that it be granted.

■ Reading the text of ORS 197.015(10)(d)(B) in that context, it is apparent that the legislature meant for the new provision to apply from the inception of a mandamus action rather than its culmination, thereby giving effect to the statutory scheme as construed in the Supreme Court's *Compass* decision rather than its conflicting decision in *Murphy Citizens*. The text and context being clear, no resort to legislative history is necessary. We conclude that the issuance of the permit was a land use approval in response to a writ of mandamus, and that, under ORS 197.015(10)(d)(B), it is therefore not a ''land use decision'' subject to LUBA's jurisdiction.

Petitioner makes one further argument, which merits no discussion.

Affirmed.

---

[2] The Supreme Court's decision in *Murphy Citizens* affirmed ours. 123 Or App 539, 860 P2d 857 (1993). However, its decision in *Compass* reversed our opinion, in which we had interpreted ORS 227.178(7) and ORS 215.428(7) in the opposite way from the way the Supreme Court did on this point. 121 Or App 486, 856 P2d 319 (1993). ORS 215.428(7) and ORS 227.178(7) were amended by Oregon Laws 1995, chapter 812, sections 2 and 3, respectively, but in ways that are fully consistent with the Supreme Court's interpretation in *Compass*.