Argued and submitted May 17, reversed and remanded with instructions June 26, petition for review denied September 24, 1996 (324 Or 229)

STATE ex rel
COPELAND SAND AND GRAVEL, INC.,
an Oregon corporation,
*Respondent,*

*v.*

William Bruce BARTOW,
Planning Director of Josephine County, Oregon;
Planning Commission of
Josephine County, Oregon;
and Board of County Commissioners of
Josephine County, Oregon,
*Respondents,*

*and*

MURPHY CITIZENS ADVISORY COMMITTEE,
*Intervenor-Appellant.*

(92-CV-0206; CA A87361)

919 P2d 48

Matthew G. Fawcett argued the cause and filed the briefs for intervenor-appellant.

James R. Dole argued the cause for respondent Copeland Sand & Gravel, Inc.

No appearance by respondent William Bruce Bartow.

No appearance by respondent Planning Commission of Josephine County, Oregon.

No appearance by respondent Board of County Commissioners of Josephine County, Oregon.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff brought this mandamus action pursuant to ORS 215.428(7), to compel the defendant county officials to issue a development permit for which plaintiff had applied. Intervenor opposed the permit. Plaintiff and defendants entered into a stipulation whereby the county agreed to issue the permit, subject to certain conditions. The permit was subsequently issued. Although intervenor did not join in the stipulation, the trial court entered a judgment, which recites that the matter is moot and holds, *inter alia*, that "[f]urther consideration of the Writ, including intervenor's motion to dismiss, is denied."[1]

Intervenor appeals. Although it asks for extensive relief in its brief, at oral argument intervenor confined the remedy it seeks on appeal and asks only that we sustain its assignment that the trial court erred by failing "expressly" to dismiss the alternative writ and the action.

We agree with intervenor. The case is moot. The act that plaintiff sought to compel has been performed in a manner that it has stipulated is satisfactory to it. Although intervenor could arguably make a strong case for a remand to enable it to exercise the right to participate in the action that was cut off by the court's response to the other parties' settlement, *see Wallace v. Board of County Commissioners*, 105 Or App 364, 804 P2d 1220 (1991), intervenor is not pursuing that argument. Moreover, even if it were to pursue and prevail on the argument, obtaining the ability to defend in a mandamus action against the compulsion of an act that has already been performed would be a futile triumph.

In sum, nothing further can happen in this action. It is moot, and the appropriate disposition is a judgment of dismissal.

Reversed and remanded with instructions to enter amended judgment dismissing action.

---

[1] We conclude that the judgment is appealable. If it is not "final," it would nevertheless come within our jurisdiction under ORS 19.010(2)(a).