Argued and submitted January 31, affirmed February 26, petition for review denied May 20, 1997 (325 Or 367)

Joseph ESTREMADO
and Joyce Estremado,
*Petitioners,*

*v.*

JACKSON COUNTY
and Thomas Lowell,
*Respondents.*

(LUBA No. 96-059; CA A95538)

934 P2d 515

Richard H. Berman argued the cause for petitioners. With him on the brief was Blackhurst, Hornecker, Hassen & Ervin B. Hogan.

James R. Dole argued the cause for respondent Thomas Lowell. With him on the brief was Schultz, Salisbury, Cauble, Versteeg & Dole.

No appearance for respondent Jackson County.

Before Deits, Presiding Judge, and Richardson, Chief Judge, and De Muniz, Judge.

DEITS, P. J.

**DEITS, P. J.**

Petitioners seek review of LUBA's dismissal of their appeal from what they denominate "land use decisions" of Jackson County approving respondent Lowell's (respondent) site plan and related applications for dwellings in a resource zone. LUBA held that the county's approvals were issued "in response to a writ of mandamus" under ORS 215.428(7) and, therefore, were not "land use decisions" subject to LUBA's jurisdiction. ORS 197.015(10)(d)(B). We affirm.

Respondent filed his applications in late 1992. After substantially more than 120 days had elapsed and no final county action had been taken, respondent brought a mandamus action, pursuant to ORS 215.428(7), to compel the county to approve the applications. The circuit court issued an alternative writ of mandamus. It also issued a stay order, pursuant to ORS 34.130(5), prohibiting further county proceedings on the applications during the pendency of the action. Then, as explained in LUBA's opinion:

> "As required by the alternative writ, the county appeared at a show cause hearing on March 27, 1995 and contested issuance of a peremptory writ of mandamus. On April 27, 1995, the circuit court issued an order allowing the hearings officer to prepare a draft decision regarding the applications without violating the previously imposed stay on proceedings. The court ordered that any decision of the hearings officer would not be binding or final, 'nor shall it be deemed or considered any proceeding, or portion thereof, before Jackson County on or relating to [defendant's] applications.' In its April 27, 1995 order, the court also provided that the stay on proceedings would 'otherwise remain in full force and effect.' According to the affidavit submitted by petitioners, in May 1995 the hearings officer drafted a decision approving the three site plan review applications and the one lot line adjustment which are the subject of this appeal.

> "On October 18, 1995, the circuit court issued an order granting [respondent] partial summary judgment and ordering the issuance of a peremptory writ of mandamus commanding approval of the three site plan review applications that are at issue in this appeal."

Thereafter, in response to motions by the respective parties, the circuit court first vacated the peremptory writ and granted relief to petitioners, and then, on January 16, 1996, reversed *that* decision and effectively ruled again in favor of respondent.[1] As LUBA described the *later* ruling and the events that followed from it:

> "On January 16, 1996, the circuit court issued an order granting [respondent's] motion * * *, and ordering that 'Jackson County shall issue approvals of the applications designated in the first, third, fourth, and seventh claims of the writ not later than February 29, 1996.' The court also dismissed those four claims with prejudice. On February 26, 1996, the county issued the four approvals, and on February 28, 1996, the county planning director sent copies of the approvals to the parties with a cover letter stating that '[i]n accordance with the Order of Circuit Court Judge Karaman dated January 16, 1996, Jackson County issues the attached approvals.' This appeal followed."

Although petitioners' appeal to LUBA purported to be from county actions approving the applications, *i.e.*, the hearings officer's "order" and the later county writing signifying that it granted the applications in order to comply with the court's January 16, 1996, order, respondent moved to dismiss the appeal on the ground that those actions were part of and responsive to the circuit court mandamus proceeding. LUBA agreed and granted the motion. Petitioners assign error to LUBA's ruling on the motion.

ORS 197.015(10)(d)(B) excludes from the definition of "land use decision" and, thereby, from LUBA's jurisdiction, a "local land use approval in response to a writ of mandamus." The statute was enacted after the Supreme Court's decision in *Murphy Citizens Advisory Com. v. Josephine*

---

[1] The courts' rulings were apparently based, respectively, on the Supreme Court's decision in *Murphy Citizens Advisory Com. v. Josephine County,* 319 Or 477, 878 P2d 414 (1994), and this court's later decision in *Murphy Citizens Advisory Com. v. Josephine County,* 138 Or App 334, 909 P2d 180 (1995), *rev allowed* 324 Or 18 (1996). Suffice it to say, at this point, that the court's sequential changes in its ruling reflect no ambivalence on *its* part. The two reconsiderations were adapted to the decisions of the appellate courts. Without suggesting either agreement or disagreement with the substance of the trial court's understanding of the respective appellate opinions, we note that the circuit court's rulings were responsive to them and reflected *at least* a reasonable reading of them.

*County*, 319 Or 477, 878 P2d 414 (1994) (*Murphy I*). In our subsequent decision in *Murphy Citizens Advisory Com. v. Josephine County*, 138 Or App 334, 909 P2d 180 (1995), *rev allowed* 324 Or 18 (1996) (*Murphy II*), we held that the statute divested LUBA of jurisdiction over local approvals made in response to alternative writs of mandamus, as well as those that are responsive to peremptory writs. We also indicated in *Murphy II* that the 1995 enactment of ORS 197.015(10)(d) legislatively overruled *Murphy I* in two respects: first, insofar as it holds that county or city actions that are taken as part of mandamus proceedings under ORS 215.428(7) or ORS 227.178(7)—such as the stipulation settling the mandamus case in *Murphy I*—can be "land use decisions" subject to LUBA's review; and second, insofar as *Murphy I* is inconsistent with the Supreme Court's decision in *State ex rel Compass Corp. v. City of Lake Oswego*, 319 Or 537, 878 P2d 403 (1994), which the court issued on the same day as it did *Murphy I*.[2]

Petitioners argue, *inter alia*, that *Murphy II* was wrongly decided. Pending the Supreme Court's decision on review, we adhere to it. However, the main thrust of petitioner's argument, to both LUBA and us, is something as follows: The hearings officer's writing that was tendered to the court in the mandamus proceeding was a "land use decision" approving the applications, and was therefore reviewable by LUBA; and, although the county represented that its ultimate approval was made in accordance with the court's order of January 16, 1996, the court's order was not a peremptory writ and it in fact dismissed the relevant claims. Petitioners reason that, independently of the adjudication of the mandamus action, the county made a land use decision (the hearings officer's approval); and/or the final county approval was not made pursuant to a writ of mandamus because, rather than issuing a *peremptory writ*, the court merely *ordered* the county to approve the applications and it simultaneously dismissed the pertinent claims in the mandamus action (apparently as a means of bringing the claims to finality). Petitioners assert that the county actions were akin to the stipulated

---

[2] A more extensive explanation of *Murphy I* and *Compass Corp*, and of the reasoning that led to those conclusions, appears in *Murphy II*, and requires no repetition here.

settlement of a mandamus action that was held to be a "land use decision" in *Murphy I*.

LUBA rejected petitioners' argument, explaining:

"Although petitioners are correct that the court's January 16, 1996 order is not itself a writ of mandamus, this argument elevates form over substance. The order represents the court's final action on four claims in a mandamus proceeding, directs the county to issue the described approvals, and has the practical effect of reinstating the court's peremptory writ of mandamus that was previously issued on October 18, 1995.

"We are also unpersuaded by petitioners' argument that the county retained jurisdiction to make a land use decision approving the applications after the inception of the mandamus action. In paragraph nine of the alternative writ of mandamus dated January 20, 1995, the court specifically exercised its authority under ORS 34.130(5) to impose a stay upon all further proceedings by the county on the applications at issue. Although the court issued a subsequent order allowing the hearings officer to prepare a draft decision regarding the applications without violating the stay [of] proceedings, that order specifically provided that any decision of the hearings officer would not be binding or final, and that the stay on county proceedings would remain 'in full force and effect.'

"Because we find that the applications at issue in this appeal were approved by the county in response to a writ of mandamus, under ORS 197.015(10)(d)(B) those approvals did not result in a land use decision subject to this Board's jurisdiction."

■ We agree with LUBA's reasoning and conclusions and have only a few brief points to add. Initially, we note that respondent prevails under our decision in *Murphy II*, without more. There is no question that the alternative writ was issued before the county took either of the actions on which petitioners rely and that both actions were taken in and in response to the mandamus proceeding after the issuance of the alternative writ.

■ We further conclude that respondent is also entitled to prevail, quite independently of *Murphy II*. The hearings officer's "order" was not a land use decision. Rather, it was

essentially an exhibit in the mandamus proceeding that the court allowed the county to provide, subject to its stay of the county proceedings and subject to its caveat that, consistent with the stay, the hearings officer's action would not serve as part of any county proceeding or as a county decision. The "order" was in no sense a volitional independent decision by the county of the kind that the court in *Murphy I* regarded the stipulation settling the mandamus action there to be.

■ Turning to the other prong of petitioners' argument, we agree with LUBA that petitioners elevate form over substance by seeking to distinguish between a compulsory order in a mandamus proceeding and a peremptory writ. Moreover, as LUBA noted, an implicit effect of the January 1996 order, which petitioners maintain is distinguishable from a peremptory writ, was to reinstate the court's earlier order that a peremptory writ be issued. In sum, the court's "order" that the county grant the approvals was materially indistinguishable from a peremptory writ commanding it to do so. We agree with LUBA that the approvals of the applications were in response to a writ of mandamus and were beyond LUBA's jurisdiction under ORS 197.015(10)(d)(B). LUBA properly granted the motion to dismiss petitioner's appeal.

■ Finally, respondent moves for costs and attorney fees for the proceedings before this court, as sanctions under ORCP 17 and ORAP 1.40. After providing a detailed supporting explanation, respondent contends that petitioners' attorney's arguments here are "frivolous" and "fatuous." As indicated by the foregoing discussion, we do not agree with petitioners' arguments. We are nevertheless unprepared to say, in these circumstances, that petitioners' legal positions reach the level of being "[un]warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law." ORCP 17 C(3).

As we have previously discussed, the existing law on this subject is not a model of clarity. In *Murphy II*, we suggested that *Compass Corp.* and *Murphy I* left the relationship of the mandamus procedure and of the land use decision and review process in a posture that a competent practitioner could find less than clear and that might serve as a predicate

for arguments of a more imaginative nature then we might normally find to fall within the margins of the colorable.[3] The legislature's 1995 enactment of ORS 197.015(10)(d) was apparently aimed at rectifying the situation and eliminating whatever confusion might exist. However, the Supreme Court has taken review of and has not yet decided *Murphy II*, in which we construed that statute. Accordingly, the state of present and future law remains unsettled.

Respondent notes that ORS 34.210 provides for costs and attorney fees in mandamus actions and asks us to consider his request for sanctions here in the light of that statute. However, this is not an appeal in the mandamus action but a review of LUBA's decision; moreover, a recovery of sanctions under ORCP 17 turns upon a determination of fault, while that is not a necessary condition to an award under ORS 34.210. That statute does not assist respondent in this case.[4]

Affirmed.

---

[3] In a different context, respondent acknowledges the existence of a general perception—without quite saying whether he shares it—that, "from a practical standpoint *Compass Corp.* and *Murphy I* today are almost universally read as conflicting and even irreconcilable."

[4] We are advised that an appeal is also pending in the mandamus action. Whether attorney fees and costs may be recovered in it can only be determined on an appropriate motion at the appropriate time.